The action stood continued nisi for advisement, and at the following March term, in Suffolk, the opinion of the Court was delivered by
Parsons, C. J.
[After stating the case.] The plaintiff, to establish the illegality of the assessment, relies on the second section of the statute of 1799, c. 66.
By the provisions of this section it is manifest that the plaintiff was taxable for all his lands in the town, in his own occupation, for the use of the district in which he lived; but that his lands in the occupation of his tenant should be taxed for the use of the district in which the lands were included. And if these provisions are not controlled by any subsequent statute, it is very clear that the verdict must be set aside.
The defendants contend that these provisions are in fact controlled by the general tax-act, passed in February, 1804; that by this act the assessors have a discretion to tax the owner for lands in the occupation of the tenant, or to tax the tenant himself; and that this discretion extends as well to county and town taxes as to state taxes ; and by the act first cited, the school-district taxes are to be assessed in the same manner as town taxes.
To this reasoning the plaintiff has replied, that this provision in the general tax-act does not extend to vest in the assessors this discretion in assessing school-district taxes. And the merits of the case, as it is reserved, must depend on the resolution of this point.
* A subsequent statute generally will control the pro- [* 382 ] visions of former statutes, which are repugnant to it, according to its strict letter. But there are exceptions to this rule, depending on the construction of the last statute, agreeably to the in tention of the legislature.
*298 Thus in the case of Capen vs. Glover & al. (1), where lands in Milton were assessed agreeably to the general provisions of the tax-act, yet it appearing that anciently Milton was set off from Dorchester, and that Dorchester consented thereto on the condition that those lands should not' be assessed to town taxes in Milton, and that this latter town was incorporated upon that condition, it was determined that the town tax by Milton on those lands was illegal, although they were included in the general words of the tax-act.
And it appears to us, if the assessors, in making a school-district tax, may, by availing themselves of the discretion authorized in the tax-act, counteract the equitable principle of equalizing the school-district assessments required in the first statute, that we ought not to extend the general words of the tax-act so as to produce that mischief, but should restrain them by a reasonable construction, on the principle that the legislature did not contemplate any alteration in that statute.
By the first statute, a school-district, when defined, may vote to raise money for several purposes, as, for instance, to build a schoolhouse for the use of the district; and this money is to be assessed on the polls and estates of the inhabitants comprising the district, and on the lands belonging to non-resident owners. And the legislature manifestly intended that the property of any man, once lawfully assessed for the use of any one district, should not again be assessed for the use of another district. And to secure this intent, the lands of non-resident owners are to be assessed to the use of one and the same district, and cannot afterwards be [ * 383 ] assessed * to the use of another district. And this provision is made, that the same lands may not be twice charged in two districts.
Let us apply this principle to a resident owner, having lands in his own occupation, and other lands in the occupation of his tenant, not in the district of which the owner is an inhabitant. If this discretionary election in the assessors is allowed, then if in one year a school-house is to be erected in the district in which the owner dwells, and a sum of money is voted for that purpose, the assessors may assess the owner for his lands in the occupation of his tenant living in another district; and afterwards, even in the same year, if the district in which the tenant lives shall also vote money to build a schoo.-house, the assessors, having this discretion, may for this tax assess the tenant for the lands in his occupation; and thus a portion of the owner’s lands will be charged in two districts with the building of two school-houses, which would be manifestly against the intention of the statute.
*299 This intention clearly is, that in defining the school-districts, a resident owner, having lands in his own occupation, shall be assessed for all those lands in the district within which he lives, and his lands in the occupation of his tenant shall be assessed in the district in which the tenant lives; and all the discretion of the assessors is to assign the lands of a non-resident owner to such district as will best equalize the taxable property among the districts. When this assignment is once made, it becomes unalterable, so long as the lands 'emain in the same owners.
If it should be doubted whether the assessors, having once taxed the owner for the land in the occupation of his tenant, could after-wards tax the tenant for the same lands, yet a great inconvenience would remain. For it is clear that in defining the districts, lands of a resident * owner, occupied by a tenant, must [ * 384 ] be considered as taxable where the tenant lived; and if they should afterwards be assessed to the owner living in anothei district, it would operate unreasonably on the district in which the tenant lived. And it may be supposed that a district may be formed principally of lands of resident owners living in other districts, but in the occupation of tenants; in which case, if the owners were to be taxed for these lands, the district might not have sufficient ability for the design for which it was formed.
For these reasons we are satisfied that the general expressions in the state tax-act do not alter the provisions contained in the statute of 1799. This tax-act is a direction as to the rate of the poll-tax, and the valuation of the other taxable property, and as to the form of the assessments ; but it does not authorize the assessors to tax lands to the owner, which, by the former act, were made taxable to the tenant only; the legislature not contemplating this alteration in making the tax-act.
On this ground the plaintiff in this case ought not to have been taxed for the lands in the occupation of his tenant living in any district in Upton, and the verdict must be set aside.
It does not appear from the case reserved, that any other objection was made to the tax, than the one mentioned. But if it appeared that the tax was made for the district in which the plaintiff lived, and he was, through an error, taxed for more property than he ought to have been, it would deserve consideration, whether for thir error he could maintain trespass vi et armis. That question is, however, not now before us.

New trial granted.

 4 Mass. Rep. 305.