Per Curiam.

It was decided, in the case of Hatch vs. Green, that a judgment creditor, who had been evicted of part of the land taken in execution, might maintain an action of debt on the judgment for the appraised value of that part. The present case is stronger for the plaintiff, inasmuch as the plaintiff has never taken any thing by force of this supposed levy on the dower, as it is called; and it would be absurd to require that he should enter, when he knows that his title is defective, and that he should be evicted by a legal process, in order to maintain this action of debt on the judgment.
The only question therefore is, whether the defendant had any estate in the second parcel of land mentioned in the return; for if not, the execution and the * proceedings under it are wholly ineffectual as to that part, and the judgment remains unsatisfied for the sum at which it was appraised.
The return as to this point appears somewhat ambiguous. If it should be construed to mean that the estate appraised was the defendant’s rihgt to have her dower assigned and set off in the. dwelling-house, it is void and ineffectual; because such a right *326 cannot be taken in execution. If, on the other hand, it was understood at that time, as has been suggested in the argument, that this house had been assigned to the defendant as her dower, and if her estate as tenant in dower was intended to be appraised and taken on the execution, then it is ineffectual, because she had no such estate.
If the mistake had proceeded further, and the plaintiff, believing that the defendant was tenant in dower, had taken possession of the land, and continued to hold it, the case would present a different question. But it appears that he has never had possession; and by the pleadings in this action he would be estopped from ever claiming any estate in the land, under the levy of the execution. The proceedings, therefore, under the execution, as to this piece of land, are defeated and void.
As the plaintiff has never received any rents and profits from this land, he is entitled to interest, and must have judgment on the verdict for the sum of 1047 dollars 84 cents, with interest from the time of rendering the judgment.