## WARE *Ex'r. vs.* PIKE.

*Debt* will lie as well as *scire facias*, on a judgment which has been nominally satisfied by a levy of the execution on real estate, the title to which was not in the debtor: the remedy provided by *stat.* of 1823, *ch.* 210, being merely cumulative.

THIS was an action of *debt* on a judgment recovered against the defendant by the plaintiff's testator, and which had been nominally satisfied by a levy of the execution on real estate, the title to one half of which, turned out not to be in *Pike*, and from which the plaintiff's testator had been evicted by one having an elder and a better title.   The only question made by the pleadings which resulted in a demurrer, was, whether the remedy of the plaintiff should be sought in *debt*, or by a writ of *scire facias*.

*Wells*, for the defendant, insisted that debt would not lie. The remedy provided by the statute of 1823, *ch.* 210, is by a writ of *scire facias*.   The distinction is not merely technical, but is one of much importance.   If *debt* can be maintained, *interest* will be recoverable; otherwise on a *scire facias*.   *Clark* v. *Goodwin*, 14 *Mass.* 237.

If debt could have been maintained at common law, why should the legislature have provided this remedy. Interest was not provided for, because until evicted the occupation of the estate would be an equivalent for loss of interest.

But if debt can be maintained, why should not the plaintiff be required to apply to the Court before the issuing of the writ, as provided in the statute for *scire facias?* *Kendrick* v. *Wentworth,* 14 *Mass.* 57 ; *Lane* v. *Smith,* 2 *Pick.* 281 ; 1 *Ld. Raym.* 720.

*Boutelle,* for the plaintiff, cited *Storer* v. *Storer & al.* 6 *Mass.* 390 ; *Gooch* v. *Atkins,* 14 *Mass.* 378 ; *Hatch* v. *Green,* 12 *Mass.* 195.

EMERY J. — This is an action of debt on a judgment in favor of the plaintiff's testator recovered on the 1st Tuesday of *November,* 1827, for $1169,81 damages, and ten dollars and nine cents costs. And the declaration alleges that this judgment is unsatisfied in part, to wit, for $550, but it takes no notice of the issuing of any execution on the judgment.

The writ was served by arresting the defendant, and he gave bail. The defendant pleads that there is no such record, concluding with a verification and praying judgment if the plaintiff ought to have his action against him and for his costs — and the plaintiff likewise. And the defendant in a brief statement filed according to the statute, denies the plaintiff's right to maintain the action because he, the said *Pike,* after the recovery of the debt and damages aforesaid and before the commencemeut of this action, paid the plaintiff's testator the said debt and damages in form aforesaid recovered.

The plaintiff, in his brief statement, in answer to that of the defendant, says he ought not to be precluded from his action, because on the 10th of *Nov.* 1827, the plaintiff's testator took his execution on the judgment and delivered it to *Isaiah Dore,* a deputy-sheriff, who at said *Athens* on the 15th of the same *Nov.* took in execution, a certain tract of land describing it, in part satisfaction of said execution, appraised at the sum of $1100, of which seizin was delivered, and that since the decease of the testator, he being in possession and claiming under the will of said

testator, one *John Moor*, commenced a writ of entry against the plaintiff, returnable to the Court of Common Pleas at *Norridge-wock*, on the second Tuesday of *March*, 1833, wherein he demanded one undivided half of the premises so described as taken on execution, claiming under a prior deed from said *Moses H. Pike.* And *Moor* entered his action and recovered against the plaintiff, judgment for possession of said undivided half part and appurtenances ; and afterward, on the 18*th* of the same *March*, took out his writ of possession, and on the 30*th* day of said *March*, delivered it to *Robert Evans, Jr.* a deputy sheriff of said county, who on the same day caused *Moor* to have quiet possession of said undivided moiety ; whereby the plaintiff lost the benefit of said levy, in regard to one undivided half of the property set off on said execution. To this the defendant demurs, and the plaintiff joins in the demurrer.

In this case, the counsel for the defendant does not contend but what there ought to be some remedy for the plaintiff, who as executor has been deprived of the half of the property which was taken by the testator, in part satisfaction of his judgment ; but that the remedy should be, not to get a judgment for the sum unsatisfied and interest, but to obtain a new execution by the process of *scire facias* only, under our statute of 1823, *ch.* 210. That statute provides, " that whenever any execution has been or may " be extended and levied upon real estate, for the purpose of sat- " isfying the same, and after such levy, it shall appear that the " real estate, thus levied upon, did not belong to the debtor, up- " on the application of such creditor to the court from which such " execution issued, said court may order a writ of *scire facias* to " issue against such debtor, requiring him to appear before said " court and shew cause, if any he has, why an alias execution " should not issue against him for debt and costs ; and if such " debtor, being duly summoned, shall neglect to appear, or ap- " pearing, shall not shew sufficient cause why an alias execution " should not issue against him, the court shall thereupon order an " alias execution against such debtor, for the sum justly due and " costs ; and the doings, by virtue of the former execution, so far " as relates to such levy upon real estate, shall be considered as

" void and of no effect in law ; but if it shall appear to said court
" that the creditor had no just cause for such application, the
" debtor shall recover against the creditor double costs, and the
" court shall award execution accordingly."

By acceptance of livery of seizin from the sheriff, of lands
taken in execution, the creditor acquires a vested right and per-
fect title to them, as between him and the debtor, which the cred-
itor cannot afterward waive and resort to debt on his judgment.
But whenever a recovery by adverse suit against him has occurred,
and he has been deprived of the benefit expected from the levy,
and can clearly make this appear, it would seem that he ought to
be entitled to sustain an action for the balance, which is truly un-
satisfied.

It must be recollected, that the *Massachusetts' statute, ch.* 6,
passed *June* 14, 1785, providing a speedy method for doing jus-
tice, when through mistake executions were levied on real estate
not belonging to the debtors, is almost exactly like our *statute* of
1823, *ch.* 210.   It had a proviso, limiting the application to two
years after the levy.   This proviso was repealed on the *7th* of
*March*, 1791.   But notwithstanding this, actions of *debt* were
sustained, and in the case of *Gooch ex'r* v. *Atkins,* 14 *Mass.* 378,
cited by defendant's counsel, the action was debt on judgment ;
payment was pleaded in satisfaction, on which issue was joined.
The defendant also pleaded, that an execution which was issued
on the judgment, had been duly levied on certain real estate and
returned fully satisfied, setting forth particularly the execution
and the officer's return thereon.   By this return it appeared that
the execution was levied in part on a certain dwellinghouse and
land, appraised at $4700, of which the defendant was seized in
fee, and concerning which there was no question in this action ;
and for the residue on the dower which the said *Hannah Atkins*
hath in the brick dwellinghouse, situate, &c. in which she now
dwells, together with all the rights and privileges belonging to the
dower of said *Hannah Atkins* in said estate, which last was ap-
praised at $1047,84.   But the defendant was not endowed and
had no estate in dower therein ; and the plaintiff having discov-
ered this before the return day of the execution, directed the offi-

cer not to return it, and it never was returned into the clerk's office, and this was replied by the plaintiff.

In the rejoinder, the defendant averred that the execution was fully satisfied, and tendered an issue to the country to which there was a demurrer and joinder.

The Court, in giving judgment in this case, observe that it was decided in the case of *Hatch* v. *Green*, that a judgment creditor, who had been evicted of part of the land taken in execution, might maintain an action of debt on the judgment for the appraised value of that part. They make this remark with the full recollection of the case of *Kendrick* v. *Wentworth*, 14 *Mass.* 57, decided at the previous *March* term, that a *scire facias* to obtain an alias execution, after a levy on real estate, was not a writ of right, which the party may take from the clerk's office at his pleasure.

And yet, if the statute provision for application to the court for a *scire facias* was the exclusive remedy, it cannot be easily credited that it should escape the observation of the court and the bar.

In the action, *Steward* v. *Allen*, 5 *Greenl.* 103, which was *scire facias* to obtain a new execution on a judgment, which had been apparently satisfied by a levy on land mortgaged beyond its value, of the existence of which mortgage the plaintiff was ignorant when he levied, the late *Chief Justice Mellen* says, it seems by the two cases cited from the 12 and 14 *Mass. R.* that in such a case as this an action of debt would lie on the judgment by reason of the failure of the supposed title.

We conclude, therefore, that the remedy under the statute of 1823, *ch.* 210, is cumulative and not exclusive ; and that the action of *debt*, on such a state of facts as disclosed in these pleadings, may well be sustained. The undivided half of the premises taken in execution, was recovered from the plaintiff, by reason of the defendant's own deed ; and the whole was appraised at $1100. There is, therefore, no difficulty in ascertaining the sum which remains due as principal.

Our statute, regulating judicial process and proceedings, *ch.* 59, *sec.* 36, directs that in the action of debt which shall be duly maintained upon any judgment, lawful interest shall be allowed as well upon the costs as upon the debt or damages, or the bal-

ance thereof due and recoverable, and judgment shall be rendered thereon accordingly. And as the executor in this case will be responsible to *Moor* for the mesne profits, we do not perceive that interest should be withheld against this defendant.

A very material alteration has been made in regard to the process of *scire facias*, by our *statute* of *March* 10, 1830, *ch*. 463, *sec*. 2. By that *stat*. in all writs of *scire facias*, the persons or property of those against whom they issue, shall be liable to be taken and held to respond to the judgment which may be rendered for the plaintiff, as in other actions. So that the mode of dealing with the defendant, in this suit, by holding him to bail, is not more severe than might have been adopted had a *scire facias* issued.