## WILLIAM PERRY *vs.* NATHAN PERRY.

The remedy by writ of *scire facias* to obtain a new execution, given to the judgment creditor by the Rev. Sts. *c.* 73, § 21, when an execution, levied on real estate, has been returned or recorded, and it appears that the estate levied on was not the property of the judgment debtor, or not liable to be seized on execution, and cannot he held thereby, applies not only to cases of executions levied by metes, bounds and appraisement, as provided in the previous sections, but also to executions upon which the right of redeeming mortgaged lands has been sold, pursuant to §§ 37, 38; and in either case no action lies on the judgment.

ACTION OF CONTRACT on a judgment, rendered by the court of common pleas for the county of Plymouth, at August term 1851.

The answer admitted the recovery of the judgment, but set up in avoidance, that execution was issued thereon on the 26th of August 1851, and delivered to a deputy sheriff, and levied upon the right of the defendant to redeem certain mortgaged real estate, and on the 15th of October 1851, said right was duly sold by the deputy sheriff to Nathan Hayward, and a deed thereof executed and recorded, and the execution returned satis fied by the officer.

The plaintiff filed a replication, admitting the facts stated in the answer, and setting up in avoidance of the answer, that one William Perry (not the plaintiff) claiming the estate as grantee of the defendant, brought his writ of entry against Hayward, the purchaser at the sheriff's sale, and at October term 1852 of this court recovered judgment, upon the ground that the levy, though valid upon the face thereof, was void and of no effect, because there was no equity of redemption in existence at the time of the sheriff's sale, and that said real estate, if liable to be taken on said execution, must be levied upon by metes and bounds. And the replication further averred that the plaintiff had derived and could derive no benefit from the levy.

The parties agreed that the facts stated in the answer and replication were true; and that, if this action on the judgment could be maintained, the defendant should be defaulted; but that if the plaintiff's only remedy was by a writ of *scire facias* to obtain a new execution on said judgment, the plaintiff should become nonsuit.

*B. F. Hallett,* for the plaintiff.

*E. Ames,* for the defendant.

Metcalf, J. It is erroneously stated by the editors of Howe's Practice, p. 70, that, by the common law, a judgment creditor, in a case like this, had a remedy by action of debt on his judgment. He had no remedy at common law. But by *St.* 32 H. 8, *c.* 5, declaring that he was " clearly without remedy," it was provided that if a creditor, to whom lands had been delivered on a writ of *elegit,* should be lawfully evicted before he had levied or received the whole debt and damages for which the lands were delivered and taken in execution, he might have a writ of *scire*

*facias* against the judgment debtor, his heirs, &c. and have a new writ of execution for the levying of the residue of all such debt and damage as should appear to be unlevied, unsatisfied or unpaid, of the sum in the former execution contained. 2 Inst. 677, 678. Co. Lit. 289 *b*. And our colonial legislature, in 1674, after a preamble, in which it was declared that judgments had been " made frustrate " by difficulties in the levying of èxc- ·cutions, enacted that when it should appear, after the return of an execution, that it had been levied upon lands, houses or goods, which were not the property of the judgment debtor, the court should order a new execution for the satisfying of the judgment. Anc. Chart. 142, 143. More than a hundred years after, it was first provided by *St.* 1785, *c.* 6, that when executions should appear to have been levied on real estate which did not belong to the judgment debtor, the court might order a writ of *scire facias* to issue against him, upon the application of the creditor, and thereupon order an alias execution. After that statute was passed, it was held (upon some ground not easily to be now ascertained) that the creditor was not confined to the remedy therein provided for him ; but that debt on the judgment and *scire facias* were concurrent remedies, both in cases before and after the execution was returned or recorded. *Gooch* v. *Atkins*, 14 Mass. 378. *Greene* v. *Hatch*, 12 Mass. 195. But the Rev. Sts. *c.* 73, have made a change in the law. That chapter, after providing that all the real estate of a debtor, and also all his rights of redeeming mortgaged lands, may be taken in execution for his debts, prescribes the manner in which levies shall be made on estates held in fee or for life, in severalty or in common, and on the rents and profits thereof. Then it is provided by § 20, that " if, *before* the execution is returned, and before it is recorded, it should appear that there is any defect or error in the proceedings, that would be sufficient to defeat and render void the levy, or that the estate levied upon was not the property of the debtor, or was not liable to be seized on the execution, or that, for any reason, it cannot be held thereby, the creditor may waive the levy, and it shall thereupon be considered null and void, and he may resort to any other remedy for

the satisfaction of his judgment." Section 21 provides that " if, *after* the execution is returned or recorded, it shall appear to the creditor that the estate levied upon was not the property of the debtor, or not liable to be seized on the execution, or that it cannot be held thereby, the creditor may sue out a writ of *scire facias* to the debtor, requiring him to appear and show cause why an alias execution should not be issued on the same judg ment." It is afterwards provided by §§ 31, 37, 38, that all rights of redeeming mortgaged real estates may be taken and set off, as the land might be if it were unincumbered, except that the value of the incumbrance shall be deducted; or that they may be taken and sold at auction by the officer, and a deed thereof given by him to the purchaser, and recorded, as was done in the present case. But there is nothing further, in that chapter, concerning the issuing of a new execution, on *scire facias* or otherwise, after a former one is returned apparently satisfied.

As to the executions to which § 21 applies, it is settled by the decision in *Dennis* v. *Arnold*, 12 Met. 449, that the creditor cannot maintain an action on the judgment, but that his sole remedy is by writ of *scire facias*. And the question now to be decided is, whether the provision in that section is applicable to an execution upon which the right of redeeming mortgaged lands is sold at auction, and returned, as well as to executions levied upon estates in fee or for life, and returned or recorded. The ground taken for the plaintiff, in maintenance of this action on his judgment, is, that " the execution " mentioned in § 21, and upon which an estate not belonging to the debtor, &c. has been levied, means only an execution levied in the manner prescribed by the previous sections; namely, by metes, bounds and appraisement. If this be the true construction of that section, it must be also the true construction of § 20. And the necessary consequence is, (the *St.* of 1785, *c.* 6, being repealed,) that no statute provision now exists for any remedy, when an equity of redemption, not belonging to the debtor, &c. is sold on execution, whether the mistake be discovered before or after the execution is returned or recorded, although a remedy is provided in case of a fruitless 'evy on such equity by metes and bounds. If this be so, it is

28 *

not because the legislature so intended, but because that body has failed to express its will in sufficiently intelligible terms. For we believe, on an examination of *c.* 73, that it was the purpose of the legislature to give a remedy in every case of a levy on real estate, including equities of redemption, when that levy should not, for any of the causes enumerated in §§ 20 and 21, avail as a real satisfaction of the judgment. This belief is confirmed by the provision in Rev. Sts. *c.* 97, § 43, giving a remedy by *scire facias* to a judgment creditor, whose execution is returned satisfied, in whole or in part, by the sale of personal property which shall afterwards appear not to have belonged to the debtor, &c. It cannot be supposed that the single case of a levy on an equity of redemption by sale at auction was intended to be left unprovided for. No reason has been or can be suggested for such an intention. Still, if the legislature have failed to express a contrary intention, and have omitted to provide a remedy in such a case, no remedy can be supplied by the court. But we find no difficulty in construing the words " the execution," in § 21, to mean any execution on which real estates and rights of redeeming mortgaged lands may, by §§ 1 and 2, be taken to satisfy a judgment, and which has been levied, in any manner allowed by law, on property not belonging to the judgment debtor. Remedial statutes are to be construed beneficially, so as to advance the remedy. See 2 Dwarris on Statutes, 734, 735; Bac. Ab. Statute, I. 6; 1 Kent Com. (6th ed.) 461, 462.

This case, then, is decided by that of *Dennis* v. *Arnold.* The plaintiff's remedy is by *scire facias*, and this action on the judgment cannot be maintained.          *Plaintiff nonsuit.*