GODFREY GROSVENOR *versus* MOSES CHESLEY.

The sum of six cents is not to be treated as so trifling in amount as to be disregarded, so that a person can be deprived of it, because it is a "trifle."

Under our present statutes, when an execution has been levied on real estate, and, *before* it has been returned and recorded, it is ascertained that the levy is invalid for any reason, the creditor may waive the levy, and resort to any other remedy for the satisfaction of his judgment.

But, *after* the execution is returned and recorded, if the levy proves to be invalid, the creditor's only remedy is *scire facias* to revive the judgment; an action of debt will not lie.

The present statutes are applicable to a case now pending, in relation to a levy made before they were enacted, because they touch the *remedy* and not the *right*.

By the "repealing clause" in the Revised Statutes, all rights existing by virtue of former statutes are preserved, but the proceedings to enforce them are to conform to the provisions of the Revised Statutes.

ON REPORT by GOODENOW, J.

DEBT on a judgment. The facts proved are stated in the opinion.

*J. C. Woodman,* for plaintiff.

*J. J. Perry,* for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—The plaintiff recovered the judgment upon which this suit is brought in the year 1836. An execution was issued by the clerk of the Court which rendered the judgment, dated July 7, 1836. Upon this execution a levy, by an extent on real estate, was returned on July 26, 1836, by the officer who made the same; and the execution and levy were duly recorded, on September 17, 1836. On October 12, 1842, a deed, with covenants of warranty and seizin, was made to Joseph Freeman, Jabez C. Woodman and William Dale, which was recorded, of the same real estate described in the levy, reference being made thereto in the deed.

The execution, before mentioned, recited a judgment corresponding in all respects with that upon which the present suit is brought, excepting that the debt or damage was stated in the execution to be the sum of $107,51, when, in the record of the judgment, it is the sum of $107,57. But the testimony offered by the plaintiff is full and satisfactory, that this discrepancy, between the record and the recital thereof in the execution, was a clerical error merely, and that the execution, upon which the levy was made, was supposed to be one taken out upon the judgment in suit. And, it is not shown, or suggested, that the plaintiff had at that time recovered any other judgment against the defendant. It is agreed, that the plaintiff had no knowledge of the existence of the error, and, it appears, that his attorney was alike ignorant, till long after the levy.

Grosvenor *v.* Chesley.

By the decisions of this Court and of the Courts of Massachusetts, made while this State was a part of that Commonwealth, the sum of six cents is not to be treated as so trifling in amount as to be disregarded, so that a person can be deprived of that sum, or its value, because it is a " trifle." The cases referred to upon this subject, of these Courts, contain the doctrines, in which we concur. But the question is not, whether six cents is to be regarded as of no value, but, whether the levy upon the execution issued upon the judgment obtained, though containing an error, by which the plaintiff, by his own negligence, lost that amount of his judgment, is to be treated as a nullity, and a judgment be rendered in this suit for the full amount of the former judgment, and interest thereon, more than twenty-two years after it was supposed by the creditor to have been satisfied.

As we have no doubt that the plaintiff considered that his execution was upon the judgment, which he has described in his writ, and that the same was satisfied, we should hesitate to allow him to recover in this action, if the question was fairly before us, whether he could do so or not.

We think the question is not before us, so that we can pronounce an opinion, which can bind the parties. The plaintiff has mistaken his remedy; and, therefore, no judgment can be rendered in his favor in this action.

The case of *Ware, Ex'r,* v. *Pike,* 12 Maine, 303, is relied upon by the plaintiff as decisive, that the action of debt can be maintained, for the cause set forth in the writ. That was an action of debt upon a judgment, apparently satisfied by a levy upon real estate, the title to one half of which turned out to have been in the debtor, and from which the plaintiff's testator had been evicted by a higher and better title upon a writ of possession issued upon a judgment against him. The execution on which the levy was made had been returned to Court, and the execution and levy duly recorded, the creditor having received seizin and possession of the premises set off, at the time of the levy. The action was sustained under the statute of 1823, chapter 210. EMERY, J., in

delivering the opinion of the Court, says, "we conclude, therefore, that the remedy, under the statute of 1823, chapter 210, is cumulative, and not exclusive; and that the action of debt on such a state of facts, as disclosed in these pleadings, may well be sustained." This decision was in accordance with the construction put upon a similar statute of Massachusetts, passed in the year 1785, entitled " an Act providing a speedy method for doing justice, when, through mistake, executions are levied on real estate not belonging to the debtor," in the cases of *Hatch* v. *Green*, 12 Mass., 195; *Gooch* v. *Atkins*, 14 Mass., 378.

But, since the decision in the case of *Ware, Ex'r*, v. *Pike*, the Revised Statutes of 1841, and of 1857, have introduced an important change in reference to the matter under consideration. By the former code, chapter 94, § 22, it is provided, "if *before* execution is returned or recorded, it should appear that there is an error or defect in the proceedings which would render the levy void, or that the estate levied upon was not the property of the debtor, or not liable to be seized on execution, or that for any reason it cannot be held thereby, the creditor may waive the levy, and it shall be considered null and void; and he may resort to any other remedy for satisfaction of the judgment." Section 23, of the same chapter, provides the remedy of *scire facias*, if, *after* the execution is returned or recorded, it should appear to the creditor, that the estate levied upon was not the property of the debtor, or not liable to be seized on execution, or that it cannot be held thereby.

It is quite manifest, that if it should appear to the creditor, as last above stated, *after* return or recording of the execution, the error must be corrected in *scire facias;* but, if the mistake shall be discovered *before* the return of the execution, or before it shall be recorded, he is not thus restricted, but he may resort to any other remedy. This view was taken by the Court in Massachusetts, under statute provisions similar in all respects to those in the statute of this State just cited. *Dennis* v. *Arnold*, 12 Met., 449.

In the case at bar, the execution was returned and recorded, and it falls within the provision of § 23 of c. 94.

The statutes of 1841, or of 1857, in the revised code, are applicable to this case, notwithstanding their enactment was since the levy was made on the plaintiff's execution. These provisions touch the remedy and not the right. By the repealing Act, in the R. S. of 1841, § 1, on page 782, c. 210 of the Acts of 1823, is repealed; and, in § 2 of the same chapter, it is provided that all rights of action in virtue of any Act repealed, as before mentioned, and all actions and causes of action which shall have accrued in virtue thereof, or founded on any of said repealed Acts, are saved to all persons, in the same manner as if such Acts had never been repealed; but the proceedings, in every such case, shall be conformed, when necessary, to the provisions of the Revised Statutes. Repealing Act in R. S. of 1857, § 2.

According to the agreement of the parties, the plaintiff is to become            *Nonsuit.*

CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.