Mr. Justice Wylie
delivered the opinion of the court:
The only question to be decided in this case is, whether the dower-right of a widow', which has not been assigned to her, may be subjected in equity to the payment of her own debts, contracted since the death of her husband. At law, until after dower has been set off to the widow, she is regarded as possessing no estate in the property which she can alien or subject to the payment of debt; so that neither by process of law, nor by her own act, can her right be assigned so as to vest it in another. She may release this right it is true, but only so as to unite it with the fee. (See Seymour vs. Minturn, 17 Johns. R., 167; Jackson vs. Aspel, 20 ib., 412; Croade vs. Ingraham, 13 Pick. R., 33; Blain vs. Harrison, 11 Ill. R., 384; Gooch vs. Atkyns, 14 Mass., 378.)
But in equity it is otherwise. It was decided by the Chancellor in Tompkins vs. Fonda, 4 Paige Ch. R., 448, that the widow has no right, in conscience, to deprive her creditors of the benefit of her right of dower for the satisfaction of their claims, by continuing in joint possession with the heirs and. neglecting to ask for a formal assignment; which assignment if made would enable the creditors to reach her dower by execution.
It is manifest in this case that an assignment of dower by metes and bounds is not practicable. The widow’s interest can be reached only through the rents and profits. A receiver must therefore be appointed, with power to tal^e charge of and rent out the property in question until, from the widow’s share of the rents and profits, the judgment in favor of the complainants shall have been satisfied; also the costs of this snit