# Birmingham Dry Goods Co. *v.* Bledsoe.

*Proceeding for Summary Judgment against Sheriff for Failure to serve Process.*

1. *Mesne process; subpœna for witness authorizes summary judgment for failure to execute it.*—Mesne process, as used in section 3106 of the Code of 1886, authorizing a summary judgment for failure "to execute summons, attachments or other mesne process," includes a subpœna for a witness; and the failure on the part of the sheriff to execute a subpœna will authorize a summary judgment against him.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JAMES A. BILBRO.

The Birmingham Dry Goods Company filed a motion in the circuit court of Blount county, in which it was averred that while there was pending in said court a suit in which the Birmingham Dry Goods Company was plaintiff and J. J. Griffith & Bro. were defendants, the said Birmingham Dry Goods Company asked for and obtained from said court, through its clerk, a writ of subpœna for a material witness for the plaintiff in such cause, which writ of subpœna was issued and placed in the hands of the appellee, B. F. Bledsoe, who was then the sheriff of Blount county, to serve upon said witness, commanding him to appear and testify for the plaintiff in the trial of said cause; but that the said Bledsoe failed to execute the writ of subpœna which by due diligence he could have done, and by reason of such failure, the Birmingham Dry Goods Company was deprived of the benefit of the testimony of said witness on the trial of said cause. Upon these averments the Birmingham Dry Goods Company moved the court for a summary judgment against said Bledsoe in its favor, for the sum of $500. The respondent to this motion demurred thereto, upon the grounds: (1) that the motion does not disclose such a state of facts as to warrant a summary judgment against the said sheriff; (2) because the motion fails to show any of the grounds given by statute, by which the plaintiff has a right to a summary remedy

[Birmingham Dry Goods Co. v. Bledsoe.]

against the sheriff. The court sustained the demurrer, and to this ruling the defendant duly excepted.

Upon the movant failing to plead further, the court dismissed the motion, and rendered judgment in favor of the respondent. The movant appeals, and assigns as error the ruling of the court in sustaining the demurrers and the motion, and the rendition of judgment for the respondent.

ROBINETT & ALLGOOD, for appellant.—A subpœna is a mesne process within the provision of section 3106 of the Code of 1886 ; and a sheriff's failure to serve a subpœna justifies summary proceedings against him.—Code of 1886, § 3106 ; 19 Amer. & Eng. Encyc. of Law, 222 ; *Arnold v. Chapman*, 13 R. I. 586 ; 22 Amer. & Eng. Encyc. of Law, 158.

INZER & WARD, *contra.*—Some of the authorities hold that a subpœna is a mesne proceeds, but we think, under the decisions in this State on the construction of statutes, that the meaning of "mesne process" in this section of the Code, is limited to process between the parties to the suit.— *Woolsey v. Cade*, 54 Ala. 378 ; *Amos v. State*, 79 Ala. 498 ; *Ex parte Robinson*, 86 Ala. 625.

McCLELLAN, J.—The word "mesne" signifies middle, intervening, intermediate.—15 Am. & Eng. Encyc. of Law, p. 386.

Process is the mandate of a court to its officer commanding him to perform certain services within his official cognizance.—19 Am. & Eng. Encyc. of Law, p. 222. "Mesne process," strictly speaking, embraces all writs and orders of the court, necessary for the carrying on of the suit, after it has been instituted, from and after the summons, which is original process, up to, but not including, those writs which are necessary to secure the benefits of the suit to the successful party, which are "final process." But in the sense in which the phrase "mesne process" has come to be used, and is used in section 3106 of the Code, it embraces all writs preceding execution, and describes any and all writs except final process.—*State v. Ferguson*, 31 N. J. L. 291 ; *Arnold v. Chapman*, 13 R. I. 586. Rapalje & Lawrence say : "In civil actions, process is of two kinds : (1) Against a de-

fendant,'' as a summons or writ of execution. ''(2) Process against persons not parties to the action, *e. g.* process to summon jurors, witnesses, &c.''

It is clear that a subpœna for a witness in an action is ''mesne process'' within the foregoing definition. That writ is, therefore, within the letter of section 3106 of the Code authorizing summary judgment for failing ''to execute summons, attachment, or other mesne process,'' &c. It is as essential to the administration of the law that subpœnas should be executed as that summonses and attachments should be executed ; and as necessary in the one case as in the others that the officer should be spurred to diligence by a penalty for the want of it. Subpœnas are, therefore, also within the spirit and intent of the statute ; and the circuit court erred in holding to the contrary.

The judgment is reversed, and a judgment will be here entered overruling the demurrers to the motion for summary judgment.

Reversed, rendered and remanded.