ISAAC H. FRANKS *vs.* ELIAS EDINBERG.

Worcester.     September 29, 1903. — February 24, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Statute,* Construction. *Practice, Civil,* Cross action against non-resident plaintiff, Appeal. *Judgment,* Set-off. *Assignment.*

Where there is a substantial doubt as to the meaning of the language used in a compilation of statutes, the statute in question as it previously existed, especially when taken with a note of the commissioners indicating an intention to make no change, furnishes a valuable guide to the construction of the statute in its new form.

Under R. L. c. 170, § 2, the right to set off a judgment, of the nature described in the statute, by a cross action against a non-resident plaintiff, is absolute where there is only one defendant in the original action, and where there are several defendants may be permitted at the discretion of the court.

In an action by a non-resident plaintiff on a New York judgment, the defendant was allowed under R. L. c. 170, § 2, to set off a judgment against the plaintiff in a cross action brought here, but the Superior Court excluded from the set-off the costs recovered by the plaintiff in the New York court. The defendant

appealed from the order excluding the New York costs. The plaintiff did not appeal. It appeared that the plaintiff after bringing his action here had assigned his New York judgment. The plaintiff contended that the assignment was a bar to the set-off. *Held*, that the costs in the New York judgment were part of that judgment, and not being costs in the action brought here on that judgment should have been included in the set-off. *Held, also,* that the assignment by the plaintiff was no bar to the set-off, as nothing further appearing, it was assumed that the assignee took subject to the defendant's right to bring his cross action under the statute and have the judgment set off, and therefore the court found it unnecessary to decide whether this point was open to the plaintiff on the defendant's appeal.

APPEAL from an order made in the Superior Court by *Gaskill,* J., that in a set-off, under R. L. c. 170, § 2, of judgments recovered respectively by the plaintiff and the defendant in independent actions, there should be allowed to Franks as not subject to set-off the sum of $92 recovered by him as taxable costs in an action against Edinberg in the State of New York.

The motion of Edinberg for a set-off of judgments was as follows: "Now comes the defendant and avers that since the finding by the court in the above entitled action in the plaintiff's favor the defendant has recovered in said court in an action against said Franks a judgment resulting in favor of the said Edinberg. Wherefore defendant Edinberg prays that the court will order and direct that the said judgments may be set off one against the other and execution may issue as will be then ascertained. But defendant Edinberg is content that the taxable costs, strictly so called of $47.12 may first be taken out of the sum held by the trustee in the suit of *Franks* vs. *Edinberg,* before the set-off is made of the said Massachusetts judgment."

The order of the judge was as follows: "Ordered that out of funds in hands of Trustee taxable costs, viz.: 92.42 + 47.12 amounting to $139.54 shall be retained for attorney of Plff. in *Franks* vs. *Edinberg* — balance to be set off as prayed for."

Edinberg appealed from this order. Franks did not appeal.

By the agreed statement of facts in the case the following appeared:

In the action of *Franks* v. *Edinberg,* and a trustee, the Supreme Court for New York County on April 18, 1901, gave judgment for the plaintiff in the sum of $139.29, debt or damages, and $92.42 costs, $231.71 in all. On April 18, 1902, this judgment was assigned to one Benjamin. On March 1, 1902, the present

action was brought on this judgment in the Central District Court of Worcester, and on December 17, 1902, the case was tried in the Superior Court on appeal. That court, sitting without a jury, found for the plaintiff in the sum of $254.78. The costs were $47.12 and the plaintiff had judgment for $301.90.

The action of *Edinberg* v. *Franks* was brought in the Superior Court on December 27, 1902. The jury found for the plaintiff in the sum of $275. The costs were $17.87, and the plaintiff had judgment for $292.87.

Franks contended, among other points, that R. L. c. 170, § 2, gave to the trial court only a discretionary power to allow the set-off of a judgment by cross action, and that the exercise of this discretion was not subject to revision.

The case was submitted on briefs at the sitting of the court in September, 1903, and afterwards was submitted on briefs to all the justices.

*R. Hoar & S. G. Friedman*, for Edinberg.

*G. S. Taft, E. I. Morgan & R. A. Stewart*, for Franks.

HAMMOND, J. Courts have the power at common law to set off judgments. This power is said to be vested in them "by virtue of their superintendence of all legal proceedings depending before them," and its exercise is at the discretion of the court. *Makepeace* v. *Coates*, 8 Mass. 451. *Ames* v. *Bates*, 119 Mass. 397.

But there are certain statutory provisions with reference to actions between a non-resident plaintiff and a resident defendant, and the question is whether the resident defendant is entitled to a set-off of judgments in a case like the one now before us.

By the original act giving to a resident citizen a special right to bring a cross action when sued by a non-resident, it is provided that when each of the parties " shall have obtained judgment against the other, upon the application of either party to the court which rendered such judgment against him or them, the said court is authorized and directed to offset the said judgment (excepting the taxable costs) against each other, and to cancel them so far as to leave only the balance of the largest judgment to be executed." St. 1823, c. 118, § 2. The right given by this statute was absolute. The commissioners upon the Revised

Statutes found this law still existing, and they dealt with the subject by reporting in Chapter 90 of the revision, three sections as follows:

"Sect. 44. When an action is brought in this state by any person who is not an inhabitant thereof, or who cannot be found therein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the first action; provided that the demand in the two cases be of such a nature that the judgment or execution in the one case can be lawfully set off against the judgment or execution in the other.

"Sect. 45. If there are several defendants in the original action, each of them shall be authorized to bring such cross action against the original plaintiff, and upon recovering judgment therein, he may, in the discretion of the court be allowed to set off his judgment against that which may be recovered against himself and his co-defendants, in like manner as if the latter judgment had been against himself alone."

Section 47, which is new, provides for continuances of the cases so as to enable the absent party to defend the action against him, and to enable either party to set off his judgment or execution against that which shall be recovered against him.

The legislative committee to whom the report of the commissioners was referred suggested no amendment to these sections; but the second section was amended by the Legislature by striking out the words " in the discretion of the court," and as thus amended the sections were enacted as Rev. Sts. c. 90, §§ 49, 50, and 52, and ever since have been in force. Gen. Sts. c. 126, §§ 2, 3, 5. Pub. Sts. c. 164, §§ 2, 3, 5. R. L. c. 170, §§ 2, 4.

It is plain from the remarks of the commissioners concerning these sections that they did not intend to change the law then existing by virtue of St. 1823, c. 118, or that the contrast in §§ 49 and 50 should be between two different cases of permissive set-off at the discretion of the court, but on the contrary they intended the contrast in those sections to be between the case where the defendant in the original action is the plaintiff in the cross action on the one hand, and, on the other hand, the case where there are several defendants in the original action and one or more cross actions are brought by them, and that in

the first case the right to set-off should be absolute and in the second it should be at the discretion of the court. While it is true that in the interpretation of a statute the question is not what was the meaning or intention of the commissioners who reported it, but what was the intention of the Legislature which passed it, and that when the construction of the statute is clear and consistent it cannot be controlled by the suggestions of the commissioners (*Baker* v. *Atlas Bank*, 9 Met. 182, 197 ; *Holbrook* v. *Bliss*, 9 Allen, 69, 76,) still, where there is a substantial doubt as to the meaning of the language used in a compilation of statutes, the statutes as they previously existed, especially when taken with a note by the commissioners indicating an intention to make no change, furnish a valuable guide to their construction. *Bent* v. *Hubbardston*, 138 Mass. 99, 100.

Considering the history of the provisions now found in R. L. c. 170, § 2, the evident intent of the commissioners by whom they were originally framed to make no change in the then existing law, the difference in the language of the two clauses when contrasted with each other and the reasons for the contrast, we are of opinion that as to the cases named in the first clause of the section the right to set-off of judgments is absolute except that taxable costs cannot be set off, while as to those named in the second clause the right is within the discretion of the court.

It is contended by the plaintiff that even if this be the true construction of the statute there should be no set-off in this case because of the assignment by himself of the foreign judgment on April 18, 1902, after this action was brought. Without inquiring or deciding whether this contention is open to him on this appeal, (see *Vinal* v. *Spofford*, 139 Mass. 126, 130 ; *Shepard* v. *Lawrence*, 141 Mass. 479, 481,) we think this position untenable. The demand upon which the judgment in the cross action was rendered accrued to the defendant more than two years before the assignment of the foreign judgment. His right to bring his cross action and have the two domestic judgments set off against each other accrued when the plaintiff sued out the writ in this present action. We cannot say as matter of law that the mere fact of an assignment of the demand of the original plaintiff to a third person after the bringing of a suit which gave the defendant a statutory right to bring a cross action with a view of

setting off a demand coeval with that on which he had been sued, would prevent the allowance of a set-off of the judgments. In the absence of anything but the mere fact of an assignment it seems equitable to say that the assignee took subject to the defendant's right to bring his cross action under the statute and have the judgments set off.

The result is that Edinberg was entitled to have the judgments exclusive of the costs upon the suits here set off against each other, and that the order of June 4, 1903, was erroneous in so far as it directed that out of the funds in the hands of the trustee there should be retained for the attorney of the plaintiff in this action the item of $92.42, the amount of the costs forming part of the foreign judgment. The sum to be retained should be only $47.12, the costs in this present action, the balance to be set off as prayed for.

*So ordered.*