GERTRUDE E. ROBERTS *vs.* ANHEUSER BUSCH BREWING
ASSOCIATION.

GERTRUDE E. ROBERTS, administratrix, *vs.* SAME.

Suffolk.    March 28, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Jurisdiction.    Attachment.    Corporation,* Foreign.    *Supplementary Process.
Practice, Civil,* Motion to dismiss.

By the provisions of R. L. c. 170, § 1, a foreign corporation, like a natural person
not an inhabitant of this Commonwealth, cannot be sued in this Commonwealth
unless it has been served with process within the Commonwealth or unless an
effectual attachment of its property within the Commonwealth has been made
upon the original writ.   And, where there has been no such service or attach-
ment, jurisdiction cannot be acquired by a subsequent attachment made by
supplementary process under R. L. c. 167, § 80.

Where facts which show a want of jurisdiction in an attempted action appear
upon the record, the proper way for the defendant to raise the objection is by
a motion to dismiss.

Two ACTIONS OF TORT against a corporation organized under
the laws of the State of Missouri, the first by the plaintiff indi-
vidually and the second by her as the administratrix of the estate
of John Joseph Roberts, for injuries to the plaintiff and for suffer-
ing and death of the plaintiff's intestate alleged to have been
caused by taking a substance called "Malt Nutrine" manu-
factured by the defendant and advertised by it as being extremely
healthful and nutritious for children requiring nourishment and
strength.   Writs dated April 1 and 2, 1909.

The special precepts issued as supplementary process, which
are mentioned in the opinion, were dated June 8, 1911.

On May 15, 1912, the defendant appeared specially for the pur-
pose of objecting to the jurisdiction of the court and filed mo-
tions that the actions be dismissed.

In the Superior Court the motions were heard by *Pierce,* J.
The material facts which appeared by the record are stated in
the opinion.   The judge ordered that the actions be dismissed;
and the plaintiff individually and as administratrix alleged
exceptions.

*O. Storer,* for the plaintiff.

*A. L. Fish,* for the defendant.

SHELDON, J.    The defendant in each of these cases is a foreign corporation; it has not been served with process; no effectual attachment of its property was made upon the original writ.  These facts bring the case within the exact language of R. L. c. 170, § 1; and if nothing more appears, it follows that the motion to dismiss was rightly allowed.

But the plaintiff contends that the attachments made upon the special precepts which were issued about two years after the entry of the action in court were and are sufficient to give the court jurisdiction to render a judgment in her favor which shall be valid and enforceable against the property attached.  The precepts were issued under the authority of R. L. c. 167, § 80.  This is a codification of statutes which were passed some years after the enactment of the statute now contained in R. L. c. 170, § 1, and the plaintiff contends that it ought to be construed as modifying or repealing in part the earlier act so far as to allow an action to be maintained against a non-resident defendant, though not personally served on, if an effectual attachment of his property within the Commonwealth is made either upon the original writ or upon the later special precept.  There is plausibility in the argument, but it now cannot be sustained.  In the revision of 1901 the Legislature included both these statutes in the Revised Laws, unchanged in any substantial respect.  This manifests the legislative intention to continue in full force, unchanged by other legislation, the provisions of Pub. Sts. c. 164, § 1, now embodied in R. L. c. 170, § 1.  We cannot treat a statute as repealed in part or altered by other legislation in the face of its later affirmation by the Legislature.  The language used in *Pease* v. *Whitney,* 5 Mass. 380, 381, 382, and in *Commonwealth* v. *Kimball,* 21 Pick. 373, 377, does not apply in such a case.

The only original writs in these cases were the writs by which the actions were begun.  The special precepts were merely supplementary process.  The provision in R. L. c. 167, § 81, that the precept "may be served by an officer authorized to serve the original process," shows that the Legislature did not regard the new precept as itself constituting original process or an original writ.  See *Clark* v. *Paine,* 11 Pick. 66, 67.  The same distinction has

been made elsewhere. *Walsh* v. *Haswell,* 11 Vt. 85, 88. *Pressey* v. *Snow,* 81 Maine, 288. *Birmingham Dry Goods Co.* v. *Bledsoe,* 113 Ala. 418, 419. 6 Words & Phrases, 5064. 21 Am. & Eng. Encyc. of Law, (2d ed.) 1008. 29 Cyc. 1529. Alderson on Judicial Writs & Process, §§ 5 *et seq.*

The plaintiff can derive no comfort from the language of R. L. c. 167, § 79. The service of the original writ was not, so far as concerns the question before us, defective or insufficient within the meaning of that section. If there was any defect or insufficiency, it was in the original writ, which did not contain the names of the alleged trustees whom it was sought afterwards to bring in by means of the special precepts. The original writ was properly served upon the only trustee named therein; and there was no desire or attempt to make further personal service upon the defendant. No other or further service could have been made upon the original writ as it stood; and the express language of the section is that "upon due service thereof [that is, of the supplemental process], the court or tribunal shall thereby acquire the same jurisdiction of the subject and of the parties as it would have obtained if such service had been made in pursuance of the original writ, process or order." No service of the original writ upon the parties named in the special precepts could have given the court jurisdiction over them or over the action, because they were not named in the original writ. And in this section, as in § 81, the language of the Legislature makes a clear distinction between the original writ and the further process which it authorizes. A different question would have been presented if the names of the additional alleged trustees had been seasonably inserted in the original writ and they had been duly served upon before the entry of the action in court, under the authority given by R. L. c. 189, § 7.

The defendant as a foreign corporation is in the same position as a non-resident individual. R. L. c. 126, § 9. St. 1903, c. 437, § 62.

As the facts relied on by the defendant appeared upon the record, a motion to dismiss was the proper way to raise the question. *Nye* v. *Liscombe,* 21 Pick. 263, 266. *Simonds* v. *Parker,* 1 Met. 508, 511. *Amidown* v. *Peck,* 11 Met. 467, 468.

*Exceptions overruled.*