### HUNTINGTON MFG. CO. v. BRADFORD WORSTED SPINNING CO.

District Court, D. Massachusetts.   June 7, 1915.

No. 404.

Alger, Dean & Sullivan and Frank T. Benner, all of Boston, Mass., for plaintiff.

Brandeis, Dunbar & Nutter (specially), Dunbar, Nutter & McClennen, and Edward F. McClennen, all of Boston, Mass., for defendant.

DODGE, Circuit Judge. The writ in this case is dated June 10, 1913. On March 5, 1913, as the records show, there had been entered in this court, where it is still pending, a suit at law (No. 385) by the present defendant against the present plaintiff.

The present defendant is a Kentucky corporation, the present plaintiff a Massachusetts corporation, and the only service of its writ in the present case upon the defendant was by nominal attachment and a summons delivered, according to the marshal's return, to a member of the firm of Brandeis, Dunbar & Nutter, of Boston, described in the return as "attorneys of record in the action of the defendant corporation in an action against the plaintiff corporation."

The writ thus served recites that the action is a cross-action to an original action in this court by the defendant against the plaintiff, wherein the several partners composing the above firm were and are attorneys for the plaintiff, also that the demands made in the respective suits are such that the respective judgments may be set off against each other.

If both suits had been in the Massachusetts courts, and if the firm referred to, or any members thereof, was in fact "the person who appears as the attorney of the plaintiff in the original action," the above service would have been "valid and effectual," and if made on the party himself in Massachusetts, as provided by Massachusetts Rev. Laws, chapter 170, §§ 2, 3. And, as held in Arkwright Mills v. Aultman & Co. (C. C.) 128 F. 195, the provisions referred to are applicable to suit in this court, being treated as an enlargement of the right to set-off. Of this case, as of that, this court has jurisdiction as a controversy between the parties. A corporation of one state here, as in that case, is suing another in the district of the plaintiff corporation.

The foreign corporation here defendant, appearing specially, has pleaded in abatement and moved to dismiss on the alleged grounds that neither the above firm nor any member thereof is its attorney in fact or in law, that there has been no service upon it, and that it is no way subject to the jurisdiction of the court. That the claims are such as to permit set-off of the judgments is not denied.

In the original suit above mentioned, brought by the Bradford Company against the present plaintiff, the above firm, as is not disputed, did in fact appear as its attorney of record, their appearance in that suit has never been withdrawn, and there has never been any other appearance on the Bradford Company's behalf. Besides so appearing, the same firm, as the records show, filed a declaration signed by them as the plaintiff's attorneys. The firm did unquestionably, therefore, "appear as the attorney of the plaintiff in the original action" at the time the writ in the present case was served, and the service made must be regarded as valid and effectual unless the following facts, which I find, are material to be considered and require a different conclusion.

The Bradford Company never directly employed the said firm or any of its members to act for it in any matter except the filing of this plea and motion. The writ in the original suit, wherein the Bradford Company is the only plaintiff named, sets forth that:

"That the plaintiff brings this action for the benefit of Oscar Fenly, Benjamin Rosenbaum and Sidney Davis, assignees of said plaintiff, and all citizens of said State of Kentucky."

By an agreement in writing between the Bradford Company and its creditors, dated October 12, 1912, a copy whereof is part of an agreed statement of facts before me, the Bradford Company's claim against the present plaintiff passed to said Fenly, Rosenbaum, and Davis, who were appointed by the creditors as a committee to act for them under said agreement, with authority to collect it for distributions among them, together with the proceeds of all other claims in favor of the Bradford Company. Besides authorizing it to collect claims thus assigned, the agreement also authorized it to contest disputed claims against the Bradford Company, whereof the claim now sued upon was at the time one.

It was this committee which employed the firm referred to to bring the original suit, and said firm had no communication with the Bradford Company or any other person representing or purporting to represent it except as above. Said firm brought suit under that employment, and in view of the above assignment, a copy whereof was furnished them at the time.

I find nothing in the above facts sufficient to prevent the application of the plain language of the Massachusetts statute. The original suit was brought in the name and by the authority of the Bradford Company, which was not an inhabitant of Massachusetts, and the suit was therefore brought subject to the provisions of section 2 of chapter 170, above cited, that the plaintiff should be held to answer to any action brought against it in Massachusetts by the defendant upon a demand of such nature as to permit set-off of the judgment. The assignee had taken the demand upon which the suit was so brought, subject, so far as appears, to the defendant's statutory right to bring its cross-action under section 2 and have the judgment set off. Franks v. Edinberg, 185 Mass. 49, 69 N. E. 1058. They also controlled at the time the Bradford Company's right to defend or settle any such cross-claim. In providing that service upon the original plaintiff's attorney shall be valid and effectual for the purpose of a cross-action under section 2, section 3 requires only that the attorney shall "appear" as the attorney of the plaintiff in the original action. It does not require that he shall have been directly employed by the plaintiff, still less that he shall have been employed as counsel generally or in other matters. No doubt if the service had been made upon an attorney whose appearance had been wholly unauthorized, it would be invalid and ineffectual; but no such situation is here presented. Not only did the firm's appearance carry with it the presumption of due authority from the Bradford Company, conclusive in the absence of countervailing evidence, Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204; Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616, but what it here asserts does not even amount to an attempt to overthrow the presumption. The firm does not and could not say that its appearance for the Bradford Company as plaintiff was unauthorized or in any way irregular. Had the suit against the Bradford Company been brought first and had the firm appeared for it in this court as defendant, under the circumstances otherwise the same, there would have been no grounds for denying the jurisdiction of the court to render judgment against it. To hold the service in this case invalid upon what appears would be to hold that a nonresident plaintiff suing here might avoid the provisions securing the resident defendant's right to set off by assigning its claim and leave the assignee to employ counsel and bring suit.

The plea in abatement is overruled, and the motion to dismiss is denied.