## McNEAL–EDWARDS CO. v. FRANK L. YOUNG CO.

### No. 2345.

Circuit Court of Appeals, First Circuit.

Sept. 16, 1930.

Dissenting opinion.

For majority opinion, see 42 F.(2d) 362.

ANDERSON, Circuit Judge.

I am unable to agree that there was no jurisdiction under G. L. Mass. c. 227, §§ 2 and 3. Service on the attorney of the McNeal-Edwards Company in a suit where, admittedly, the executions could be set off against each other, seems to me a valid service. The present decision is entirely inconsistent with the well-considered opinion of District Judge Francis Lowell in Arkwright Mills v. Aultman & Taylor Co. (C. C.) 128 F. 195, a decision in 1904. The same case

was before this court on the merits in 145 F. 783.

In Huntington Mfg. Co. v. Bradford Worsted Spinning Co., in a decision by Circuit Judge Dodge, in 1915, now reported in 37 F.(2d) 730, the same ruling was made. The only contention there was that, because the attorneys on whom the service was made were not directly employed by the defendant corporation, but by its assignees for the benefit of creditors, the service was invalid. But Judge Dodge found this distinction of no avail.

Jurisdiction by service under this statute has been the general and well-recognized rule in this district from time immemorial. Probably a careful search of the files of the District Court would disclose many other cases in which the jurisdiction was thus grounded, and unquestioned by any counsel or by the court.

That the statute is constitutional was held by Chief Justice Holmes in Aldrich v. Blatchford, 175 Mass. 369, 56 N. E. 700, 701, a decision in 1900.

I know of no reason to suppose that Mr. Justice Holmes and his present associates on the Supreme Court of the United States do not now hold the same views which he then so cogently expressed. The gist of the decision is found in the sentence reading: "The foreign company, by employing an attorney to begin an action against the defendant in Massachusetts, thereby assents to the attorney's receiving service in a counter suit, and gives him such powers as make the service sufficient."

The doctrine thus stated seems to me to be irrefutable. If such service was good in the Massachusetts courts, under the Conformity Act (Rev. St. § 914 [28 USCA § 724]), it was good in the federal court. It follows that, both on principle and on authority, service on the attorney of the McNeal-Edwards Company grounded jurisdiction in the Young Company's suit. That the McNeal-Edwards Company, a Virginia corporation, should be permitted to resort either to a Massachusetts court or to the Massachusetts District Court, without, by necessary implication, thus authorizing valid service on its attorney in a countersuit against it, seems to me utterly unsound.

I am also unable to assent to the majority views with relation to set-off. Set-off is a fairly broad term. It applies as much to executions in separate suits as to counterclaims pleaded in defense. G. L. Mass. c. 235, § 27; 34 Cyc. pp. 625, 627, 628; Cook

v. Mills, 5 Allen, 36. Statutes have extended the right. Compare Waterman Set-off, p. 2. Perry v. Pye, 215 Mass. 403, 413, 414, 102 N. E. 653, and authorities cited.

I find nothing in the cases, cited in the last paragraph on page 11 of the majority opinion, inconsistent with the prior holdings in this district and the views I have expressed. Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910, simply holds that service on a resident director of the defendant corporation, which was not doing business in North Carolina, did not ground jurisdiction in North Carolina under the Fourteenth Amendment and under Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

I concur with my associates that the attachment under a special precept, and not on the original writ, was no legal basis for jurisdiction. The fairly technical decision in Roberts v. Anheuser Busch Co., 215 Mass. 341, 102 N. E. 316, is binding on us. I also agree that the defendant corporation was not so doing business in Massachusetts as to ground service under the doctrine of International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. See, also, Rosenberg Co. v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372.

But the ruling of no jurisdiction under the statutes, supra, is of far-reaching importance; it overturns a practice generally regarded as long settled.

The results of this ruling are open to the same condemnation aptly stated by Mr. Justice Miller in Partridge v. Insurance Company, 15 Wall. 573, at page 580, 21 L. Ed. 229, as follows: "It would be a most pernicious doctrine to allow a citizen of a distant state to institute in these courts a suit against a citizen of the state where the court is held and escape the liability which the laws of the state have attached to all plaintiffs of allowing just and legal set-offs and counterclaims to be interposed and tried in the same suit and in the same form [forum?]."