EDWARD N. SCRUGGS, Retired Circuit Judge.
The plaintiff sued a sheriff for not serving a witness subpoena. The sheriff moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The amended complaint was dismissed with prejudice by the trial court, and the plaintiff timely appealed.
The amended complaint was as follows:
“1. On or before February 11, 1987, plaintiff requested a subpoena for a witness, and the court issued said subpoena.
“2. At the hearing at which plaintiff had requested the subpoena for his witness, plaintiff discovered that his witness had not been served the subpoena which is the duty of the sheriff pursuant to Ala.Code (1975), § 36-22-3(1).
“3. As a consequence of the defendant’s negligence in willfully failing to serve the subpoena that was issued by the court, the defendant prejudiced the plaintiffs rights to a fair hearing on his claims, in violation of plaintiff’s substantial and procedural due process of law rights under the sixth and fourteenth amendments to the United States Constitution.
“Wherefore plaintiff demands judgment against defendant in the sum of $500.00 plus costs.”
In our review of the dismissal of the plaintiff’s action, we must examine the allegations of the complaint and construe them in favor of the plaintiff. In doing so, we do not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim whereby relief can be granted under a provable set of facts and under any cognizable theory of law. Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985).
One of the duties of a sheriff is to execute and return with due diligence the process of the courts of this state. § 36-22-3(1), Ala.Code (1975). A judgment *335 for a sum of not less than $50 nor more than $500 must be rendered for the plaintiff and against a sheriff for the sheriffs failure to execute mesne process which could have been executed by the sheriff by the exercise of due diligence. § 6-6-680(7), Ala.Code (1975). A subpoena for a witness to appear in an action is “mesne process,” and it falls within the above provisions of § 6-6-680(7). Birmingham Dry Goods Co. v. Bledsoe, 113 Ala. 418, 21 So. 403 (1897).
In construing the plaintiffs complaint in his favor, its allegations against the sheriff are that a witness subpoena was issued by the trial court at the plaintiffs request, that it was not served by the sheriff, that the sheriff willfully failed to serve the subpoena, that, as a consequence “of the defendant’s negligence,” the plaintiffs rights to a fair hearing were prejudiced, wherefore the plaintiff demanded a $500 judgment.
The law of Alabama above cited imposes upon a sheriff the duty to serve with due diligence a witness subpoena that can be served. A willful failure by a sheriff to serve a subpoena breaches that duty, and the sheriff is liable under § 6-6-680(7), Ala.Code (1975). While it would have been best for the plaintiff to allege that duty and a breach thereof in the language of the above-cited code sections, we are of the opinion that the allegations of the complaint adequately comply with the requirements of Rule 8(a), Alabama Rules of Civil Procedure, since the plaintiffs complaint gives to the sheriff fair notice of the plaintiffs claim and the grounds upon which it rests. Simpson v. Jones, 460 So.2d 1282 (Ala.1984). There are conceivable facts which, if proven to the reasonable satisfaction of the trier of facts, would entitle the plaintiff to relief under § 6-6-680(7). Therefore, this court finds that the trial court’s dismissal of the plaintiff’s civil action was inappropriate and is due to be reversed and remanded.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.