## McCORD LUMBER CO. et al. v. DOYLE.

(Circuit Court of Appeals, Eighth Circuit.   October 2, 1899.)

No. 1,176.

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS ON—STATE LAWS.

A mode of service prescribed by state laws for obtaining jurisdiction over foreign corporations, which is recognized by the local courts as valid, will receive the same recognition by the federal courts, subject to the limitation that such courts will determine for themselves whether the mode prescribed violates the fundamental rights of the defendant not to be condemned unheard, or compelled to answer a complaint in a foreign jurisdiction without a fair and reasonable notice.

2. SAME—REMOVAL OF OFFICE FROM STATE.

The fact that a foreign corporation which had maintained an office in Minnesota, and there contracted a liability, before suit brought in a court of the state to enforce such liability had withdrawn its local office, does not exempt it from being subjected to a personal judgment in such suit, on service made on its president within the state in the mode prescribed by Gen. St. Minn. 1894, § 5200.

In Error to the Circuit Court of the United States for the District of Minnesota.

A. L. Sanborn (Lyman T. Powell and J. L. Washburn, on the brief), for plaintiffs in error.

Thomas J. Davis (Theodore Hollister, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.   The question which this record presents is whether the McCord Lumber Company, one of the plaintiffs in error, which is a Wisconsin corporation, was served with process in such manner and form, and under such circumstances, as warranted the rendition of a personal judgment against it in the state of Minnesota, where the suit was instituted and where the process was served. The question arises in this way:   Frank L. Doyle, the defendant in error, sued the lumber company and Warren E. McCord, the other plaintiff in error, in the district court for the Eleventh judicial district of the state of Minnesota, for the breach of a contract alleged to have been made by said Doyle with the lumber company in the state of Minnesota while the latter maintained an office and was transacting business in said state.   The alleged contract was executed on the part of the plaintiff below at Duluth, in the state of Minnesota, and was to have been executed by the lumber company at the same place, but when the time for its execution arrived it declined to do so, and announced its refusal to perform at its office in the city of Duluth; so that the cause of action, if any, arose in the state of Minnesota while the lumber company maintained an office and was transacting business in that state.   Before the present action was brought the lumber company had ceased to maintain an office in the state of Minnesota, but its president, Warren E. McCord, upon whom service was had, was in that state, engaged for the time being in the transaction of business for and in behalf of his company, when the summons was served.   The law of Minnesota (Gen. St. Minn.

1894, § 5200) relative to the service of process on foreign corporations is as follows:

"That the summons or any process in any civil action or proceeding wherein a foreign corporation or association is defendant, which has property within this state, or the cause of action arose therein, may be served by delivering a copy of such summons or process to the president, secretary, or any other officer, or to any agent of such corporation or association, and such service shall be of the same force, effect and validity as like service upon domestic corporations. * * *"

The case was removed to the federal court, and a motion was there made to quash the service.

The service in question having been made on the president of the defendant corporation in the manner aforesaid, for the purpose of enforcing a cause of action which arose in the state of Minnesota while the defendant corporation was there transacting business, was good and sufficient to warrant the rendition of a personal judgment against the corporation by the courts of that state, according to the decision of its highest court. Guernsey v. Insurance Co., 13 Minn. 278 (Gil. 256). It is not always true, however, that a mode of service which is prescribed by the statutes of a state, and is there held sufficient to warrant the rendition of a personal judgment, will also be held to be a good service by the courts of other states or by the federal courts. The fundamental principle that no one shall be condemned unheard, or compelled to answer a complaint in a foreign jurisdiction except upon such notice of the proceeding as is fair and reasonable, must not be violated. And the federal courts, in common with the courts of other states, must be permitted to judge for themselves, when the question is properly raised in an action pending before them, whether the mode of service that has been prescribed by the laws of a particular state satisfies these requirements. With these limitations, it is the established rule that a mode of service prescribed by state laws for obtaining jurisdiction over foreign corporations, which is by the local courts recognized as valid, will obtain similar recognition in the federal courts. Insurance Co. v. French, 18 How. 404; Ex parte Schollenberger, 96 U. S. 369; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354; Construction Co. v. Fitzgerald. 137 U. S. 98, 11 Sup. Ct. 36; Goldey v. Morning News, 156 U. S. 519, 5 Sup. Ct. 559; Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526; Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308.

If the McCord Lumber Company had continued to maintain its office in the city of Duluth until the suit at bar was instituted, it is manifest that it could not claim successfully that the service had upon it was ineffectual to warrant a personal judgment. Nor are we able to concede that the withdrawal of its office from the state of Minnesota, prior to the institution of the suit, affected the validity of the service. The supreme court of the United States has always recognized the right of the several states to provide for the service of process on foreign corporations by the delivery within the state of a summons to one of their executive officers or other representative agents, provided the corporation is there engaged in some business

by permission of the local authorities, although it has at the time no property within the state. St. Clair v. Cox, 106 U. S. 350, 356, 1 Sup. Ct. 354; Insurance Co. v. French, 18 How. 404; and other cases above cited. It has recently recognized the validity of a service made on the agent of a foreign corporation doing business in a state, although the cause of action originated in a foreign country, and although the service in question was not authorized by any local statute. Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526. And, in a still later case (Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308), service had within a state upon an agent of a foreign insurance company that had once solicited business in the state, but had ceased to do so, and had withdrawn its soliciting agents before process was served, was held valid to warrant the rendition of a personal judgment; it appearing that the company still had some policy holders residing within the state, who paid their premiums to an agent located without its borders. It was held, in substance, that the corporation was still doing business within the state by collecting premiums from a few policy holders who resided therein, and that service upon one of its agents who came into the state casually to investigate a claim under one of its policies was a good service to warrant a personal judgment, there being a local law authorizing the service.

We are of opinion, therefore, that the mere withdrawal by the defendant company of its local office from the city of Duluth, after it had there contracted a liability, did not exempt it from being served in the mode prescribed by the local statute. Moreover, the defendant corporation seems to have been still engaged in business in the state of Minnesota when service was obtained, since its president was then in the state for the purpose of conferring, in behalf of his company, with a certain other corporation with which it had business relations. The law of the state prescribes a mode of service which is reasonable in the class of cases to which it applies, and no reason is perceived why the service in question should not be regarded as valid by the federal courts. No other questions are presented by the assignment of errors which can be noticed by this court, and the judgment below is therefore affirmed.