ARKWRIGHT MILLS v. AULTMAN & TAYLOR MACHINERY CO.

(Circuit Court, D. Massachusetts. January 25, 1904.)

No. 1,410.

1. NONRESIDENCE—ACTION—PROCESS SERVICE—STATE STATUTES—VALIDITY.

Rev. Laws Mass. c. 170, §§ 2, 3, providing that, if an action is brought by a nonresident, or one who cannot be found or served in the state, he shall be held to answer in any action brought against him therein by the defendant in the former action if the demands are such that the judgments may be set off, and authorizing service of the writ in the cross-action on the attorney who appeared for the plaintiff in the original action, does not contravene the rule that no one shall be condemned unheard, or compelled to answer a complaint in a foreign jurisdiction except on fair and reasonable notice.

2. SAME—SET-OFF—FEDERAL COURTS—APPLICATION OF STATE LAWS.

Such act, being treated as an enlargement of the right to set off, was applicable to a suit in the federal courts sitting in Massachusetts against a foreign corporation which had previously brought suit in such court against the plaintiff in the second action.

James M. Morton, for plaintiff.
Dickinson, Farr & Dickinson, for defendant.

LOWELL, District Judge. The Aultman Company, a corporation of Ohio, brought in this court an action of contract against the Arkwright Mills, a corporation of Massachusetts, for the price of certain boilers. Thereupon the Arkwright Mills brought this suit against the Aultman Company for breach of a contract to furnish certain other boilers. Service in the case at bar was made upon the attorney for the Aultman Company appearing in the first-mentioned suit. The Ault-

¶ 2. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

man Company has moved to dismiss the action for want of sufficient service.

That the court would have jurisdiction, and that the service would be sufficient, provided this action had been brought in a court of the state, is admitted. Rev. Laws Mass. c. 170, §§ 2, 3:

"Sec. 2. If an action is brought by a person who is not an inhabitant of this commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant, in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. If there are several defendants in the original action, each of them may bring such cross action against the original plaintiff and may be allowed to set off his judgment against that which may be recovered against himself and his co-defendants in like manner as if the latter judgment had been against himself alone.

"Sec. 3. The writ in such cross action may be served on the person who appears as the attorney of the plaintiff in the original action, and such service shall be held valid and effectual as if made on the party himself to this commonwealth."

It remains to determine the applicability of the statute just quoted to an action brought in a federal court. Of this suit, as a controversy between the parties, this court has jurisdiction. It is brought by a corporation of one state against a corporation of another in the district of the plaintiff's incorporation. The statute does not contravene "the fundamental principle that no one shall be condemned unheard, or compelled to answer a complaint in a foreign jurisdiction, except upon such notice of the proceeding as is fair and reasonable." McCord Lumber Co. v. Doyle, 97 Fed. 22, 23, 38 C. C. A. 34. The intent of the statute was discussed in Aldrich v. Blatchford, 175 Mass. 369, 56 N. E. 700, in which case the Supreme Court of Massachusetts held it constitutional. The decision was rested upon two grounds: First. That the statute is a restriction upon foreign corporations doing business in the state, and is therefore valid under Hooper v. California, 155 U. S. 648, 652, 15 Sup. Ct. 207, 39 L. Ed. 297; Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451. But the statute makes no mention of foreign corporations, and it can hardly be held valid as to them, by reason of their peculiar status, while its terms apply without distinction to all persons, natural and artificial. Second. The statute is an extension of the right of set-off. This appears plainly both from the language and the history of the law. See St. Mass. 1823, c. 118; Report of the Commissioners on the General Statutes of the Commonwealth (1832), part 3, p. 82. In matters of set-off the federal courts follow the laws of the state, provided the distinction between law and equity is not lost sight of. Partridge v. Insurance Co., 15 Wall. 573, 21 L. Ed. 229; Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; Charnley v. Sibley, 73 Fed. 980, 20 C. C. A. 157; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059. If the statute be treated as an enlargement of the right of set-off, the method of service provided is unobjectionable. The dictum in Dewey v. Des Moines, 173 U. S. 193, 202, 203, 19 Sup. Ct. 379, 43 L. Ed. 665 (see, also, Bristol v. Washington County, 177 U. S. 133, 146, 20 Sup. Ct. 585, 44 L. Ed. 701), is explained in Aldrich v. Blatchford, 175 Mass. 369,

370, 56 N. E. 700. The decision in the first-mentioned case could not have been different had Dewey been served with process while passing through Iowa.

Motion to dismiss denied.