### E. R. SHERBURNE CO. v. WELLENSTEIN, KRAUSE & CO.

(District Court, D. Massachusetts. January 26, 1923.)

No. 1735.

Process ⟨≡⟩80—Statute providing for service on nonresident's attorney of record inapplicable to bankrupt's action against creditor after confirmation of composition; "bringing of action."

    G. L. Mass. c. 227, §§ 2, 3, authorizing service of writ in cross-action on nonresident plaintiff's attorney of record, does not authorize bankrupt, suing creditor after confirmation of composition under Bankruptcy Act, § 70f (Comp. St. § 9654), to serve the writ on the creditor's counsel of record in the bankruptcy proceedings, as filing of proof of claim is not bringing of action, the claim is not against the bankrupt, but against his estate, and there could be no possible set-off between the judgment in the bankrupt's action and the claim against the estate.

Action by the E. R. Sherburne Company against Wellenstein, Krause & Co., a corporation. On motion to dismiss a plea in abatement. Plea adjudged good, and action abated.

Howard Stockton, Jr., and J. H. Sherburne, both of Boston, Mass., for plaintiff.

Lothrop Withington, of Boston, Mass., and Shattuck, Glenn & Ganter. of New York City (Garrard Glenn, of New York City, Lothrop Withington, of Boston, Mass., and DeWitt C. Jones, Jr., of New York City, of counsel), for defendant, specially.

MORTON, District Judge. The motion to dismiss and the plea in abatement for lack of proper service have been heard together. The motion, of course, relates only to the record. The facts which are relied on in support of the plea are contained in an agreed statement.

The E. R. Sherburne Company was, upon an involuntary petition, adjudicated bankrupt. The present defendant was not a party to the petition. After the adjudication, it filed a proof of claim, on which Mr. Withington appeared as its attorney. He also appeared for it in several related matters in the bankruptcy proceedings and was undoubtedly its counsel of record there. The Sherburne Company effected a composition after adjudication. In connection with the composition, certain assets, among them a claim which it had against the present defendants, were conveyed to special trustees, not the trustees in bankruptcy, to be held and realized on for the benefit of the creditors. This was done in order to facilitate the prompt settlement of the bankruptcy case; it seems a plan which might often be adopted with advantage. These trustees brought the present action in the name of the Sherburne Company. Wellenstein, Krause & Co. is a foreign corporation, having no place of business or agent in this district, and doing no business here. The only service which has been made upon it

was such as could be effected by serving the writ on Mr. Withington as its counsel of record in the bankruptcy proceedings.

The important question is whether this service was sufficient to give jurisdiction of the defendant against objections seasonably and properly taken. There is nothing in the federal law which authorizes such service. It rests solely on the Massachusetts statute (Gen. Laws, c. 227, §§ 2 and 3), which reads as follows:

"Sec. 2. If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. If there are several defendants in the original action, each of them may bring such cross-action against the original plaintiff and may be allowed to set off his judgment against that which may be recovered against him and his codefendants in like manner as if the latter judgment had been against him alone.

"Sec. 3. The writ in such cross-action may be served on the attorney of record for the plaintiff in the original action, and such service shall be as valid and effectual as if made on the party himself in the commonwealth."

This statute was considered in Arkwright Mills v. Aultman, etc., Co. (C. C.) 128 Fed. 195, in which it is said by the court to be "an extension of the right of set-off. * * * In matters of set-off the federal courts follow the laws of the state, provided the distinction between law and equity is not lost sight of." Lowell, J., 128 Fed. 196. This recognizes possible limitations in the application of the statute to proceedings in the federal courts. It is a matter of common knowledge that the states have no jurisdiction over certain fields of law—e. g., bankruptcy and admiralty, which are within the exclusive jurisdiction of the federal courts. The statute in question would naturally apply only to proceedings over which the state had or might have jurisdiction. Its language does not suggest that it was intended to apply to bankruptcy or admiralty cases. It does not undertake to subject *all* plaintiffs to all cross-actions. It is carefully restricted, and gives the right of cross-action only "if an *action* is brought by a person not an inhabitant of the commonwealth" (section 2), and "if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other" (section 2).

I do not think that filing a proof of claim against an estate in bankruptcy is bringing an action within the meaning of this statute. The claimant does not initiate the proceedings; he is brought into court by them, and must prove or be barred; he files a proof of claim in order to obtain his share in the property of his debtor which is being administered by the bankruptcy court. What he does is essentially different from bringing an action either at law or in equity.

Nor do I think that filing a claim in bankruptcy after adjudication can be regarded as an action against the bankrupt. His interest in his property ceased completely upon the adjudication. Edison Ill. Co. v. Tibbetts, 241 Fed. 468, 154 C. C. A. 300; C. C. A. 1st Cir.; 2 Remington on Bankruptcy, § 1274. The proof is not made against the bankrupt individually; it is made against the estate. The title to the property is in the trustees. Suits in behalf of the estate are brought in

their names, not in the name of the bankrupt. When the defendant's proof of claim was filed, the Sherburne Company did not own, and had no interest in, the claim on which it is now suing. It regained title thereto by the revesting incident to confirmation of the composition. Bankruptcy Act, § 70f (Comp. St. § 9654). Neither the trustees in bankruptcy nor the estate now has any interest in it. There could be no possible set-off between a judgment in this action and a claim allowed against the bankrupt estate. The present plaintiff is not the defendant against whom the claim in bankruptcy was presented.

For these reasons, without entering into the refinements of analysis to which the questions are open, I am of opinion that the plea in abatement should be adjudged good and the action abated. It is unnecessary to pass upon the other points which were argued. Those relating to the sufficiency of the marshal's return are not of much importance, because, if inaccurate, it can be amended.

Ordered accordingly.