## McNEAL–EDWARDS CO. v. FRANK L. YOUNG CO.

No. 2345.

Circuit Court of Appeals, First Circuit.
July 1, 1930.

ANDERSON, Circuit Judge, dissenting.

For former opinion, see 35 F.(2d) 829.

January 5, 1922, the defendant, the McNeal-Edwards Company, a Virginia corporation, having no place of business in Massachusetts, entered into a contract in Baltimore, Md., with the plaintiff, Frank L. Young Company, a Massachusetts corporation, wherein the defendant agreed to sell and the plaintiff agreed to buy by description 1,107 drums of Prime "A" Crude Menhaden fish oil at $.33 per gallon (about $18,000) in seller's drums f. o. b. Baltimore. The contract also provided that the purchaser should return the drums to the seller, freight prepaid. The oil was duly shipped and paid for in full in March, 1922. In September 1922, the Frank L. Young Company brought suit in Massachusetts superior court alleging breach of warranty of quality, and attached the drums, which it had not returned. The McNeal-Edwards Company, on January 2, 1923, removed the suit to the Federal District Court for Massachusetts, counsel appearing specially for that purpose. In that suit the only service of process was the attachment of the drums.

In March, 1923, the McNeal-Edwards Company brought an action in the Federal District Court for Massachusetts against the Young Company for damages and conversion of the drums, and Asa P. French appeared as counsel for the plaintiff in that action.

January 4, 1927, the Young Company brought a suit in the same Federal District Court against the McNeal-Edwards Company for the same cause of action as that contained in its first suit of September, 1922.

In this writ of January 4 it was set out that the McNeal-Edwards Company was a Virginia corporation and a citizen and resident of that state, "having its usual place of business at Readville therein; which corporation cannot be found to be served with process; which corporation has brought an action, wherein Asa P. French is attorney of record for the plaintiff, in the District Court for our District of Massachusetts; in which action the demands are of such a nature that the judgment or execution therein may be set off against the judgment or execution herein."

The writ was made returnable on the third Tuesday of March, 1927, and directed the marshal to attach the goods of the defendant and summons it "by serving this writ on Asa P. French who has a usual place of business in Boston in the County of Suffolk and Commonwealth of Massachusetts, as said French is attorney of Record as aforesaid." The marshal's return on the writ shows that on January 5, 1927, he served the writ by chip attachment and summoned the defendant "by giving in hand to Asa P. French, attorney of record of said McNeal-Edwards Company, at Boston, in said District, copy of an original summons of this writ."

On February 23, 1927, the Young Company having obtained an order from the District Court for a special precept of attachment in the action brought January 4, 1927, the special precept was issued; and the officer's return on the special precept shows that on February 25, 1927, he attached 1,100 steel drums as the property of the defendant and, on the following day, summoned the defendant by giving in hand a copy of the precept to Asa P. French, attorney of record, etc. The drums having been attached on the special precept on February 25th, the Young Company, on February 28, 1927, and before the term of court at which the writ of January 4, 1927, was returnable, caused its suit of September, 1922, to be discontinued.

On March 22, 1927, the writ of January 4, 1927, was entered late by leave of court; and on March 23, Asa P. French filed a special appearance for the McNeal-Edwards Company; and on the following day, "without waiving its special appearance, but relying thereon, and without submitting itself to the jurisdiction of the court," it filed a plea in abatement and a motion to dismiss the action.

In the motion to dismiss it was alleged that "the defendant is not a citizen or resident of the Commonwealth of Massachusetts, but was at the time of the beginning of this suit, and is, a citizen and resident of the Commonwealth of Virginia, and that no valid service has been made upon the defendant, as appears upon the face of the writ and the declaration in said action, and as disclosed by the records of this court" in the first suit brought by the Young Company against McNeal-Edwards Company and in the suit of McNeal-Edwards Company against the Young Company.

In the plea in abatement, after setting out that on the bringing of the action of January 4, 1927, there was pending in this court another suit between the same parties for the same cause of action, which was discontinued without notice to this defendant on February 28, 1927, it was alleged, among other things, that the defendant was "a corporate citizen and resident of Virginia, having no place of business in Massachusetts." It then set out the contract, the bringing of the first suit by

the Young Company against the defendant, that jurisdiction in that suit was predicated solely upon the attachment made of the drums, its removal to the District Court, the action brought by the McNeal-Edwards Company against the Young Company, and the bringing of the second action by the Young Company against it for the same cause of action as that alleged in the first suit, without first having discontinued the first suit, and that the process in the suit of January 4 was served upon the attorney of record in the action brought by the Young Company; and alleged: (1) "That such service, under the circumstances heretofore alleged, cannot operate to give the plaintiff the right to satisfy a judgment, if any, against any property of the defendant except said containers, but for the presence of which in Massachusetts it would have been obliged to bring its original action in Virginia." And (2) that "the service attempted to be made upon it in this case is void and of no effect, for the reason that a party bringing suit against a non-resident in a state court, and then claiming jurisdiction upon the sole ground that the defendant in such suit has property in this commonwealth which can be attached, cannot, if the suit is removed to the Federal Court, and a cross-action is instituted there, bring another suit, with [by] or without discontinuing the original suit, for the same cause of action, and thereby vest unrestricted jurisdiction in the Federal Court, by serving process therein upon the attorney for the plaintiff in such cross-action."

The plaintiff filed a replication. In it it did not deny that the defendant was "a corporate citizen and resident of Virginia, having no place of business in Massachusetts," as alleged in the plea, or question the allegation in its own writ that the defendant was a citizen and resident of Virginia and "cannot be found to be served with process" in Massachusetts, and which the return of the sheriff on the writ in its first suit also showed; and after admitting "that no personal jurisdiction was obtained over the defendant in that action [the first action] and that no judgment could have been given in that action" that could have been satisfied, except out of the property attached, it alleged the bringing of the action of the McNeal-Edwards Company against the Young Company and that "for the purpose of curing the defect of personal jurisdiction in the plaintiff's former action * * * the present action was brought and personal jurisdiction obtained

by service on the attorney of record in the McNeal-Edwards Company's said action under Gen. Laws of Massachusetts, chapter 227, §§ 2 and 3, and Rule 53 of this court."

The motion to dismiss having been denied and the plea overruled, "without waiving its motion to dismiss and its plea in abatement," the McNeal-Edwards Company filed an answer in which it denied each and every allegation in the plaintiff's writ and declaration and set up three special matters of defense.

The case was tried before a jury. The jury found a verdict for the plaintiff and assessed its damages in the sum of $10,730.17. And at the direction of the court, it rendered an alternative verdict to the effect that "if, as a matter of law, the plaintiff is not entitled to a verdict, then the jury find for the defendant, etc." It also made special findings to the effect: (1) That the oil delivered by the McNeal-Edwards Company to the Young Company was not of the quality and grade called for by the contract sued upon; and (2) that the amount of the damages sustained by the Young Company by reason of the inferiority in the quality and grade of the oil delivered was $10,730.17.

After the verdict was rendered, the defendant "appearing specially" filed a motion in arrest of judgment on the grounds that it appears upon the record: (1) That this court had never acquired jurisdiction of this defendant; (2) that the service made upon the defendant's attorney was void and of no effect; and (3) that "the District of Massachusetts is not the proper venue for hearing and determining said cause." This motion was also denied, subject to exception, and judgment was entered for the plaintiff.

The first three errors assigned relate to the denial of the defendant's motion to dismiss, the denial of its motion in arrest of judgment, and the overruling of its plea in abatement.

The other assignments of error relate to the merits of the case and the matters complained of occurred during the course of the trial.

Asa P. French and Jonathan W. French, both of Boston, Mass., for appellant.

W. B. Leach, Jr., of Boston, Mass. (Warner, Stackpole, Bradlee & Cabot, John G. Palfrey, and Charles F. Albert, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge (after stating the facts as above).

The questions raised by the first three assignments of error are whether the District Court acquired jurisdiction either by the service of process upon Mr. French, the attorney of record of the McNeal-Edwards Company, in the suit brought by it against the Young Company, or by the supplementary attachment, or by the defendant, the McNeal-Edwards Company, having in this suit voluntarily submitted itself to the jurisdiction of the court.

It is not, and could not well be, contended that the defendant voluntarily submitted itself to the jurisdiction of the court. The record discloses that from the very inception to the close of the case the defendant appeared specially, reserving its right to question the jurisdiction of the court. So the questions, on this branch of the case, are whether jurisdiction over the suit was acquired by the supplementary attachment of defendant's property in the state, or over the defendant personally by serving process upon Mr. French under the circumstances herein disclosed.

Although the plaintiff's suit of January 4 against the McNeal-Edwards Company, a Virginia corporation, was brought in the Federal District Court, it contends and, in order to support the jurisdiction of the District Court, must contend that the provisions of section 1, 2, 3, and 4 of chapter 227, Gen. Laws Mass., hereafter quoted, are applicable to a suit brought in that court and obligatory upon it. Arkwright Mills v. Aultman & Taylor Co. (C. C.) 128 F. 195.

Section 8 of chapter 181, Gen. Laws Mass., provides:

"Section 8. Foreign corporations having property in this commonwealth shall be liable to be *sued and to have* their property attached in the same manner and to the same extent as individuals who are residents of other states and who have property in this commonwealth. The service of the writ shall be made in the manner provided in chapters two hundred and twenty-three and two hundred and twenty-seven, with such further service as the court to which the writ is returnable orders."

It is not contended and could not be that the service of the writ in this case was had under the provisions of chapter 223. The service had purported to be under the provisions of chapter 227, which reads as follows:

"Section 1. A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he or his agent appointed under section five has been served with process in the commonwealth, or unless an effectual attachment of his property within the commonwealth has been made upon the *original writ,* and in case of such attachment without such service, the judgment shall be valid only to secure the application of the property so attached to the satisfaction of the judgment.

"Section 2. If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. If there are several defendants in the original action, each of them may bring such cross action against the original plaintiff and may be allowed to set off his judgment against that which may be recovered against him and his co-defendants in like manner as if the latter judgment had been against him alone.

"Section 3. The writ in such cross action may be served on the attorney of record for the plaintiff in the original action, and such service shall be as valid and effectual as if made on the party himself in the commonwealth.

"Section 4. The court in which either of the actions is pending may order continuances to enable the absent party to defend the action brought against him, and to enable either party to set off his judgment or execution against that which is recovered against him, but the actions shall not be unreasonably delayed by the neglect or default of either party. The provisions of the following sections, relative to actions against persons absent from the commonwealth, shall not apply to a cross action brought under the two preceding sections.

"Section 5. Every individual not an inhabitant of the commonwealth and every partnership composed of persons not such inhabitants, having a usual place of business in the commonwealth, temporarily or permanently, or engaged here, temporarily or permently, and with or without a usual place of business here, in the construction, erection, alteration or repair of a building, bridge, railroad, railway, or structure of any kind,

shall, before doing business in the commonwealth, appoint in writing a person who is a citizen and resident thereof to be his or its true and lawful attorney upon whom all lawful processes against such individual or partnership may be served with like effect as if served on such person or partnership. * * * The power of attorney shall be filed in the office of the state secretary, and copies certified by him shall be taken as sufficient evidence thereof, etc."

The service provided for in section 5 is not applicable in this suit, for the action was brought under sections 2, 3, and 4, and section 4 expressly provides that in such case the mode of service authorized by section 5 shall not apply.

It has been held by the Massachusetts court that, by force of section 8, c. 181, above set out, a nonresident corporation may be sued and have its property attached in the manner provided in section 1 of chapter 227, but that where such corporation is not personally served with process and only a nominal, not "an effectual attachment," has been made "upon the original writ," that a supplementary attachment, subsequently had on special process, is not an attachment on the original writ and is invalid. Roberts v. Anheuser Busch Brewing Ass'n, 215 Mass. 341, 102 N. E. 316. And it has also been held by the Supreme Court of the United States that neither under section 915, Rev. St. (28 USCA § 726), nor under any provision of the Act of March 3, 1887 (24 Stat. 552), as amended August 13, 1888 (25 Stat. 434), can a supplementary attachment be had in a Federal District Court where no personal service can be had upon the defendant and where there was no personal appearance; that "an attachment is still but an incident to a suit, and that, unless jurisdiction can be obtained over the defendant, his estate cannot be attached in a Federal Court," as "attachment * * * [is] not a means of acquiring jurisdiction" on process issued out of a federal court, whether the attachment is made on the original or a supplementary process. Big Vein Coal Co. v. Read, 229 U. S. 31, 37, 38, 33 S. Ct. 694, 696, 57 L. Ed. 1053.

It is, however, held that if property is attached on a writ issued out of a state court and the statutes of the state authorized the attachment, upon removal of the cause to the federal court, jurisdiction over the property will be retained, notwithstanding the attachment would not confer jurisdiction had it been made on a writ issued out of the federal court and no personal service had been obtained. Clark v. Wells, 203 U. S. 164, 27 S. Ct. 43, 51 L. Ed. 138; St. Louis, B. & M. Ry. v. Taylor, 266 U. S. 200, 208, 209, 45 S. Ct. 47, 69 L. Ed. 247.

As there was "no effectual attachment" of the defendant's property in the district of Massachusetts upon the "original writ" brought by the plaintiff (January 4, 1927) in this case, it follows that the supplementary attachment was invalid and would not confer jurisdiction on the District Court under section 1; or under the federal rule, unless jurisdiction over the defendant was obtained; and that the position taken by this court in its opinion in this case of November 12, 1929—that the District Court "had jurisdiction to the extent of the value of the attached property, whether the service on the seller's attorney was or was not valid" to give jurisdiction over the person of the defendant, and therefore this court had jurisdiction to determine the merits of the case, without deciding whether the District Court acquired jurisdiction over the defendant—was clearly wrong.

As to the question whether the defendant, a nonresident corporation, was present doing business in the district of Massachusetts so that personal service of process was or could be had upon it there, the following facts appeared:

The contract for the sale of the goods in question was made in Baltimore, Md., through a broker acting for both parties, and was to be performed and was performed there by the delivery of the goods f. o. b. Baltimore. It is evident from these facts that the sale was not made and that the right of action did not accrue in Massachusetts, but in Maryland, and the return of the sheriff on the writ in the removal suit brought by the plaintiff in the Massachusetts court against the defendant (now discontinued) shows that when the officer in September, 1922, attempted to make personal service of the writ, he was unable to do so for the reason that the defendant was not doing business through any officer or agent in Massachusetts.

The facts alleged in the writ in this case of January 4, 1927, are that the defendant was a Virginia corporation and a citizen and resident of that state, having its usual place of business at Readville therein, *which corporation cannot be found to be served with process.* And the defendant's plea in abatement alleged that it was a corporate citizen and resident of Virginia, having *no place of business in Massachusetts,* which facts the plaintiff admitted by not denying them in its

replication. It thus unquestionably appears that the defendant is a Virginia corporation, having its usual place of business there, and no place of business in Massachusetts. Also that "it cannot be found" in Massachusetts, that is, that it is not and was not present there, by its officers or agents, carrying on its business (People's Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537) ; and this being so, it is evident that personal service of the writ on the nonresident corporation was not and could not be had upon it in the district of Massachusetts. It has been held over and over again that personal service on a nonresident corporation cannot be had in the district of the state where suit is brought, unless it is carrying on business there of such character and extent as would warrant the inference that it is present there by its officers authorized to receive service. St. Louis S. W. R. Co. v. Alexander, 227 U. S. 218, 226, 227, 33 S. Ct. 245, 57 L. Ed. 486; Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, 265, 37 S. Ct. 280, 61 L. Ed. 710; Green v. C., B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Bank of America v. Whitney Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; Cannon Mfg. Co. v. Cudahy Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; James-Dickinson Farm Mortgage Co. v. Harry, 273 U. S. 119, 47 S. Ct. 308, 71 L. Ed. 569; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71 L. Ed. 684.

It has also been held that the doing of a single business transaction or even four separate disconnected transactions by a nonresident corporation in the state or district of suit would not warrant it being found present there through its officers or agents so that personal service could be had upon it. Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Hunter v. Mutual Reserve Life Insurance Co., 218 U. S. 573, 31 S. Ct. 127, 54 L. Ed. 1155, 30 L. R. A. (N. S.) 686; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 S. Ct. 739, 28 L. Ed. 1137. See also Kirven v. Virginia-Carolina Chemical Co. (C. C. A.) 145 F. 288, 7 Ann. Cas. 219; Delaware & H. Canal Co. v. Mahlenbrock, 63 N. J. Law, 281, 43 A. 978, 45 L. R. A. 538; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935;

Booth v. Weigand, 30 Utah, 135, 83 P. 734, 10 L. R. A. (N. S.) 693; 12 R. C. L. § 48.

Although the defendant corporation was not present doing business in the district of Massachusetts at the time this suit of January 4, 1927, was brought, the contention is made that the District Court acquired jurisdiction over the defendant and the cause of action by virtue of the service that was had upon the defendant's attorney of record, pursuant to the provisions of sections 2 and 3 of chapter 227 of the General Laws of Massachusetts; that under the provisions of those sections the Massachusetts courts have upheld the service there authorized on the theory that a nonresident by bringing suit in a Massachusetts court assents to its attorney receiving service in any suit or suits which a defendant or defendants in the original suit should see fit to bring against it (Aldrich v. Blatchford, 175 Mass. 369, 371, 56 N. E. 700); and that the service being held valid as to process issuing out of the state court, it should be held valid and enforced under the Conformity Act (Rev. St. § 914 [28 USCA § 724]), as to process issuing out of a federal court in the district of Massachusetts.

■■ It is well settled that a question of this character (the acquisition of jurisdiction over a defendant by the service of process) involves the jurisdiction of the court as a federal court, which jurisdiction cannot be enlarged or abridged by any statute of a state or the decisions of its courts; and that this is true notwithstanding the so-called Conformity Act, Rev. St. § 914. See Mexican Central R. R. v. Pinkney, 149 U. S. 194, 208, 209, 13 S. Ct. 859, 37 L. Ed. 699; Southern Pac. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 560, 39 L. Ed. 517; Wabash Western Railway v. Brow, 164 U. S. 271, 276, 17 S. Ct. 126, 128, 41 L. Ed. 431; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 128, 54 L. Ed. 272; Western Loan & Savings Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101; Davidson Marble Co. v. Gibson, 213 U. S. 10, 18, 19, 29 S. Ct. 324, 326, 53 L. Ed. 675; Davis v. C., C., C. & St. L. Ry., 217 U. S. 157, 174, 30 S. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907; Western Indemnity Co. v. Rupp, 235 U. S. 261, 35 S. Ct. 37, 59 L. Ed. 220. In other words, the service of process authorized by the statute of Massachusetts (sections 2, 3, and 4, chapter 227), as construed and upheld by its courts, is not binding upon and will not be enforced in a federal court,

if to do so would enlarge or abridge its jurisdiction, and this question of jurisdiction, the ultimate determination of which is for the Supreme Court (Mechanical Appliance Co. v. Castleman, supra), is subject to review in this court, the whole case being before us on appeal. American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (C. C. A.) 249 F. 968; In re N. Y., etc., Steamship Co., 155 U. S. 531, 15 S. Ct. 183, 39 L. Ed. 246; United States v. Jahn, 155 U. S. 109, 15 S. Ct. 39, 39 L. Ed. 87.

We know of no case where suit was brought in a federal court and constructive service of process, as authorized by a statute of a state and the decisions of its courts, was had, that the jurisdiction of the court over the cause has been upheld in the appellate courts, in the absence of a waiver of personal service. And the same is true if the suit was brought in a state court and seasonably removed to the federal court.

In So. Pac. Co. v. Denton, supra, the plaintiff Denton was a citizen of Texas and resided in the Eastern district thereof. The defendant was a Kentucky corporation doing business and having an agent in the Western district of Texas. The suit was brought in the federal court for the Western district of Texas. The defendant appeared specially and objected to the jurisdiction of the court. Under the federal statutes the suit could have been brought either in the Eastern district of Texas or in the district of Kentucky, and although the suit was brought in the wrong district (a question of venue) the defendant by appearing generally would waive the objection to the jurisdiction of the court on that score. A statute of Texas as construed by its courts (Texas Laws 1887, c. 128) made an appearance in behalf of a defendant, although in terms limited to the purpose of objecting to the jurisdiction of the court, a waiver of immunity from the jurisdiction by reason of nonresidence. The lower federal court held that the nonresident defendant, by appearing specially and objecting to the jurisdiction, consented that its special appearance should be treated as general and a waiver of its objection to the jurisdiction of the court. But when the case came before the Supreme Court it reversed the decision of the court below and refused to apply and enforce the statute of Texas, as construed by its courts.

In Mexican Central Railway v. Pinkney, supra, the plaintiff Pinkney was a citizen and resident of the Western district of Texas. The defendant was a Massachusetts corpora-tion, with its principal place of business in Boston. It owned and operated a Lne of railroad and did business in the Western district of Texas. Service was had upon one Lawton, as its local agent in that district. Lawton was not the local agent of the defendant upon whom service could be had. The defendant appeared specially and filed a plea in abatement, setting out that Lawton was not its local agent. The plaintiff demurred to the plea and the lower federal courts sustained the demurrer. In the Supreme Court the service was held bad on the ground that Lawton was not the defendant's local agent. It also held that the defendant's special appearance for the purpose of excepting to the service and, after its plea was overruled, its filing a general answer, could not be deemed a general appearance; that to apply and enforce the statute of Texas in the federal court would be to contravene the acts of Congress manifesting an intention "not to leave the jurisdiction of the inferior federal courts to the regulation and control of state legislation"; also, that state legislation limiting the power of review, given appellate courts by the acts of Congress, over the judgments of their lower courts, involving a question concerning the jurisdiction of the courts, would not be enforced.

In Goldey v. Morning News, supra, the plaintiff brought her action in one of the state courts of New York against the defendant, a Connecticut corporation, having no place of business and doing no business in the state of New York. Service was had under a statute of the state (see Good Hope Co. v. Railway Barb. Fencing Co. [C. C.] 22 F. 635, 636) by serving the summons in New York upon the president of the corporation, temporarily there, who was a resident and citizen of Connecticut. No attachment of property was had. The defendant appeared specially for the purpose of presenting a petition for removal to the federal court, and the action was removed into the Circuit Court for the Eastern District of New York. Golden v. Morning News, 42 F. 112. In the Circuit Court the defendant, appearing specially, filed a motion, supported by affidavits to the above facts, to set aside the service. The Circuit Court set aside the service, declared it null and void, and the plaintiff sued out a writ of error. In the Supreme Court it was held: (1) "that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his

behalf, or by his waiver, by general appearance or otherwise, of the want of due service"; that "whatever effect a *constructive service* may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government"; (2) that "the principle which governs the effect of judgments of one state in the courts of another state is equally applicable in the circuit courts of the United States, although sitting in the state in which the judgment was rendered"; (3) that "service of mesne process from a court of a state, not made upon the defendant or his authorized agent within the state, although there made in some other manner recognized as valid by its legislative acts and judicial decisions, can be allowed no validity in the circuit court of the United States after the removal of the case into that court * * * unless the defendant can be held, by virtue of a general appearance or otherwise, to have waived the defect in the service, and to have submitted himself to the jurisdiction of the court"; (4) that the defendant by appearing specially and filing its petition for removal did not waive the defects in the service of the summons; that to so hold would be "inconsistent with the terms, as well as with the spirit, of the existing act of congress regulating removals"; (5) that "the jurisdiction of the" Federal Courts "depends upon the acts passed by congress pursuant to the power conferred upon it by the constitution of the United States, and cannot be enlarged or abridged by any statute of a state"; that "one great object in the establishment of the courts of the United States and regulating their jurisdiction was to have a tribunal in each state * * * to which all who were nonresidents or aliens might resort for legal redress"; and (6) that the Conformity Act (Rev. St. § 914), requiring the practice in the federal courts to conform, as near as may be, to that "existing at the time in the courts of the state within which it is held, applies only to cases of which the court has jurisdiction according to the constitution and laws of the United States."

This case undoubtedly decides that a nonresident person or corporation may resort to the federal courts other than that of his or its residence and there litigate his controversies with a citizen or citizens there residing untrammelled by state legislation authorizing constructive service of process, which, if given effect, would abridge or enlarge the jurisdiction of the federal court.

In Mechanical Appliance Co. v. Castleman, supra, the action was brought in a state court of Missouri against a nonresident corporation and removed to the federal court for the Eastern district of Missouri on the ground of diverse citizenship. In the federal court a plea to the jurisdiction was filed. The return of service by the sheriff of the summons issued out of the state court appeared to be valid on its face. The plea to the jurisdiction, and the affidavits filed in its support, disclosed that the corporation was not doing business in the state of Missouri at the time of the service of summons, and that the person served with the process was not the agent of the defendant at the time. In the Circuit Court the plea to the jurisdiction was overruled on the ground that the facts stated in the return of the sheriff upon the summons were conclusive and could not be controverted by the defendant. In making this ruling the court followed the law of Missouri, as held by its highest court, that in a case of this kind a return of this character is conclusive upon the parties. In the Supreme Court it was held that the return of the sheriff "was not conclusive upon the question of service"; "that a foreign corporation can be served with process within the state only when it is doing business therein, and that such service must be upon an agent who represents the corporation in its business"; that "in cases which concern the jurisdiction of the federal courts, notwithstanding the so-called conformity act (Revised Stat. § 914 * * *), neither the statutes of the state nor the decisions of its courts are conclusive upon the Federal courts." And having reached this conclusion it reversed the judgment of the lower court and directed that the case be dismissed for want of jurisdiction.

In Wabash Western Railway Co. v. Brow, supra, after removal to the federal court, the defendant, a nonresident corporation, filed a plea to the jurisdiction on the ground that personal service had not been had upon it in the state court, which was overruled. The facts were that the corporation was neither incorporated, nor did business, nor had any agent in the state in which the suit was brought. The lower courts held that the defendant by filing its petition for removal in the state court, without specifying that it appeared specially for that purpose, waived its right to object to the service of process upon it after the removal of the case into the federal court. But the Supreme Court

held that this was not so; that the defendant had a statutory right to remove the case; and that "an acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right"; and that to decide otherwise "would be to place a limitation upon the jurisdiction of the circuit court which is wholly inconsistent with the act" (the removal statute).

In Davidson Marble Co. v. Gibson, supra, the action was brought in the federal court for the Northern district of California. The United States was the real party plaintiff and three citizens and residents of the state of Illinois were defendants; and under the act of Congress regulating such matters the action was required to be brought in the District Court whereof the defendants were inhabitants. As none of the defendants lived in the Northern district of California, the court below was without jurisdiction. But although the defendants appeared specially and objected to the jurisdiction, the lower court held that their objection to the jurisdiction had been waived, basing its decision on Rule 22 of that court, which provided: "Any party may, without leave of court, appear specially in any action at law or suit in equity for any purpose for which leave to appear could be granted by the court, by stating in the paper which he serves and files that the appearance is special, and that if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court, he will appear generally in the case within the time allowed therefor by law, or by the order of court or by stipulation of the parties. *If such statement be not made as above provided, the appearance shall be deemed and treated as a general appearance.*"

In the defendants' special appearance and objection to the jurisdiction, they did not state that " 'if the purpose for which such special appearance is made shall not be sanctioned or sustained by the court,' they 'will appear generally in the case.' " In the Supreme Court, it was held that "the rule, as construed and applied in this case, is inconsistent with the laws of the United States, and therefore invalid. Rev. Stat. § 918 [28 US CA § 731]. A party who is sued in the wrong district, and does not waive the objection, may of right appear specially and object to the jurisdiction of the court, and, the decision being against his objection, may of right bring the question directly to this court. The rule substantially impairs his right to appeal to this court,—a right which is conferred by statute. 26 Stat. at L. 826,

chap. 517, March 3, 1891. It says to him, you may appear specially and object to the jurisdiction, only upon the condition that you will abide by the decision of a single judge; if that is against you, you must waive your objection and enter a general appearance; if you do not agree to do this, your special appearance will be deemed to be general. We think it was beyond the power of the circuit court to make and enforce a rule which imposes upon defendants such conditions, and transforms an objection to the jurisdiction into a waiver of the objection itself. The jurisdiction of the circuit courts is fixed by statute. In certain cases a defendant may waive an objection to the jurisdiction over his person. But he cannot be compelled to waive the objection if he chooses seasonably to insist upon it, and any rule of court which seeks to compel a waiver is unauthorized by law and invalid." Having reached this conclusion, it reversed the judgment and directed a dismissal of the action for want of jurisdiction.

■ This case and those previously cited and reviewed disclose that a nonresident corporation is given by the acts of Congress (1) the right to resort to a federal court, other than that of its residence, to litigate its controversies with citizens there residing; (2) the right, when sued in a state court, to remove the case to the federal court; (3) the right, when sued in a federal court, or in a removal case, to appear specially and object to the jurisdiction of the court (as to district of suit or service of process), and its objection being overruled, the right to have the question reviewed by the proper federal appellate court. That a rule of court, statute of a state, or decision of its court, abridging and limiting any of these rights, will not be upheld and enforced in a federal court; and that this is particularly true as to a rule of court or statute of a state which undertakes to compel a nonresident to submit to the jurisdiction of the court, because of its having taken such action as the law affords in the enforcement of such a right. As said in the Wabash Railway Case, supra, "an acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right."

But while the right of a nonresident defendant to appear specially, in a suit brought in or removed to a federal court, and object to its jurisdiction for want of proper service, is upheld in the federal courts, notwithstanding the existence of a statute of a state, or rule of the federal court, making such ap-

pearance a waiver of the objection, it was held in York v. Texas, 137 U. S. 15, 17, 20, 11 S. Ct. 9, 34 L. Ed. 604, that a state might, by a statute or the decisions of its courts, establish such a rule of practice within its jurisdiction, and that its enforcement there would not be a violation of the "due process" clause of the Fourteenth Amendment, as that clause did not affect or control the power of the state court to render judgment. It would seem, however, that the York Case was overruled in Riverside Mills v. Menefee, 237 U. S. 189, 193, 194, 195, 35 S. Ct. 579, 59 L. Ed. 910, for there it was held that the assumption of jurisdiction by the state court and its rendering judgment against a nonresident corporation, doing no business in the state and having no qualified agent therein upon whom service may be made, was a violation of the due process clause of the Fourteenth Amendment, "since the very act of fixing by judicial action without a hearing a sum due, even though the method of execution be left open, would be in and of itself a manifestation of power repugnant to the due process clause."

■ The statute of Massachusetts (chapter 227, §§ 2–4), if upheld and enforced in the federal court for the district of Massachusetts, would contravene the acts of Congress in two important particulars: First, it would abridge the right given a nonresident to sue in that court by making the exercise of the right conditional upon its waiving personal service of process upon it, in case any citizen or citizens of Massachusetts, made defendants in its suit, should conclude to bring independent actions against it. And, second, it would enlarge the jurisdiction of the federal court in the district of Massachusetts, as to suits brought against the nonresident by doing away with the requirement of personal service of process and substituting in its place the constructive service provided for in the state statute. For these reasons we think the statute of Massachusetts cannot be upheld and enforced in the District Court for Massachusetts, whether its enforcement would or would not contravene the due process clause of the Fourteenth Amendment, which the Supreme Court in Riverside Mills v. Menefee, supra, its latest decision on the question, held that it would.

■ It is, however, further contended that the constructive service had in this case upon the attorney of record for the defendant was adequate, on the theory that the plaintiff's suit with reference to that of the defendant was a set-off or in the nature of a set-off. "Set-off," as generally understood, and as provided for in the statutes of Massachusetts (Gen. Laws, c. 232), is a plea or defense filed in the action in which it is pleaded, and not an independent suit. It concerns mutual demands and the demand set up in the plea must be "liquidated or capable of liquidation by calculation"; and the respective demands being determined, a single judgment is entered for the party to whom a balance is due. No writ is issued, no service of process is required, no attachment of property is permitted, as would be in the bringing of an independent suit, for it is a plea in defense.

But under the provisions of sections 1, 2, 3, and 4 of chapter 227, all the requisites of an independent suit are present, for the issuance of a writ and service of the process are required, and an attachment of property thereon is authorized. Section 4 likewise shows that the cross-action or cross-actions authorized by section 3 are independent suits, for if a single suit is brought the writ may be made returnable in a different court of the state from that in which the suit of the nonresident was brought; or in case of two or more so-called cross-actions, they may be brought in as many different courts of the state as there are courts in which jurisdiction may be had.

Furthermore, had the suit of the McNeal-Edwards Company, the nonresident, been on a joint obligation against three defendants, and each of the three had separate demands against the nonresident, each defendant could have maintained separate independent suits against the nonresident, and each could have had his separate judgment offset against the joint judgment of the nonresident against them, for the last clause in section 2 provides:

"If there are several defendants in the original action, *each of them* may bring such cross action against the original plaintiff and may be allowed to set off *his judgment* against that which may be recovered *against him* and *his co-defendants* in like manner as if the *latter judgment* had been against *him alone*."

This provision of section 2 discriminates against a nonresident, in that it allows residents of the state to offset judgments obtained against him, which its other statutes forbid, as between judgment creditors regularly served with process. See Gen. Laws Mass. c. 235, § 27 (4), where it provides:

"Executions between the same parties may, if required by either party, be set off

one against the other \* \* \* *but such set-off shall not be allowed.* \* \* \*

"Fourth, If there are several debtors in one execution, to a part of whom only the amount due on the other is due."

We do not think that the jurisdiction of the federal court over the person of a nonresident defendant can be thus enlarged or abridged by a statute of a state; that a state statute such as this authorizing the bringing of an independent suit or suits against a nonresident corporation, asserting jurisdiction over it, though not present, doing business through its officers within the state and district of suit, cannot be sanctioned or justified under the law of set-off, or as a legitimate extension of it. That the steps the statute purports to authorize are those required in bringing an independent suit or suits, viz., the issuance of an independent writ or writs, the service of the process, the attachment of property thereon, and the rendition of distinct judgments, none of which are essential to the law of set-off. That in the federal court personal service of process, upon a nonresident corporation, in the absence of waiver, is essential to its jurisdiction; and that the statutory service here relied upon is but an attempt to assert personal jurisdiction where none in fact exists, and will not be recognized.

Sections 2, 3, and 4 of chapter 227 are clothed in the same language as when first enacted in 1823. Section 1 has been amended. That section as originally drafted, and for many years thereafter (Gen. St. Mass. 1860, c. 126; Eliot v. McCormick [1887] 144 Mass. 10, 12, 10 N. E. 705), either alone or in connection with other statutes, authorized a personal judgment against a nonresident defendant who had previously been an inhabitant of the state, by bringing an action against him and leaving the summons at his last place of abode in the state. But in the case above cited (144 Mass. 10, 12, 10 N. E. 705), rendered after the decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, the Massachusetts court uprooted such service. That species of service and the one authorized by sections 2, 3, and 4 of chapter 227 involve the same mental conception and are off the same piece of cloth.

The result is that our former order in this case must be modified and as modified will read:

The judgment of the District Court is vacated, the verdict is set aside, and the case dismissed for want of jurisdiction, but without prejudice. No costs.

ANDERSON, Circuit Judge, dissents.